## THOMAS W. CUNNINGHAM vs. STATE OF MISSOURI.

1. A recognizance is similar to an obligation or bond, and subject to the same rules of construction.

2. If a recognizance or bond be subscribed, it is obligatory, though the signatures be not inserted in the body of the instrument. Adams et al. vs. Wilson, 10 Mo. R. 341; overruled.

3. The act incorporating the city of St. Louis gives the Mayor authority to take recognizances of persons charged criminally before him; and there is no prohibition of such an exercise of legislative authority.

## APPEAL from St. Louis Circuit Court.

### STATEMENT OF THE CASE.

On the 8th of October, 1849, a recognizance was filed in the circuit court of St. Charles county conditioned for the appearance of John Isaac and William Floyd, in the circuit of said county, at the October term 1849. The recognizance recites as follows: "I ally appeared, John Isaac and William Floyd as principals, and ———— ———— as his securities, and jointly and severally acknowledged themselves, &c." The recognizance was

Cunningham vs. State of Missouri.

*signed* by John Isaac and William Floyd, and by Thomas W. Cunningham. This recognizance was taken before Ludwell E. Powell, mayor of the city of St. Charles, May 23, 1849.

October term 1849.—Floyd and Isaac were indicted for burglary and felony.

October 12th, 1849.—A ———— was taken on the recognizance.

March 28th, 1850.—*Scire facias* issued. (Record, p. 5.)

May term, 1850.—The defendant, Cunningham, appeared to the *scire facias* and demurred to the *scire facias*.

The demurrer was overruled, (record p. 6) and a judgment recovered against Cunningham, who, thereupon, took an appeal.

## HUNT, GLOVER & CAMPBELL, for appellants.

The appellant insists on the following points:

I. That he is not bound by the recognizance set out in the *scire facias*; his name not being written in the recognizance, and there being no words in the recognizance referring to him as an obligor. That his signature at the bottom of the instrument was not required by law, and is no part of the recognizance. A recognizance is an obligation of record, entered into before some court or magistrate duly authorized with a condition to do some particular act, and is witnessed by the record of that court, and not by the signature or seal of the party. The name of the recognizor should be written in the body of the recognizance· 1 Bac. abrig. p. 360, (je.;) 3 Hawk. 227, book 2, ch. 15, sec. 83; 4 Inst. ,p. 178–9; 1 Ch. C. L., p. 72, 84–5, 18 p.; margin, p. 90, 103–4; 5 Bac ab. p. 159 (c.) as to obligations, &c.; 1 Tuck. Notes, p. 275; 2 Leigh R., p. 630; 10 Mo. R., p. 341, 380; Rev. C. 1845, p. 861, secs. 26, 29, 36 and 37; Doll: Q., c. 176; 2 Rev. C. 1825, p. 839, secs. 23 and 27, show form under our laws.

II. The mayor of the city of St. Charles had no power to take and certify said recognizance. The mayoralty is an executor, and not a judicial officer: The taking of a recognizance is a judicial act, and the General Assembly had no constitutional power to blend the two, or to confer them both on the same person; hence, the city charter gave him no power. They cannot confer executive duties on a judicial officer, nor judicial powers on an executive: Sess. acts 1848-9, p. 268–9, art. 3 and 4; State Cons., art. 2; R. C 1845, p. 29, arts. 3, 4 and 5, sec 17; 1 Tuck. Black. 1 part, appendix, p. 5, in note; 2 Dallas, p. 409–10–11, also p. 307; Beach. c. 475; Ams. & Ang., corp. p. 67, ch, 273, sec. 3, 4, &c.; also page 279—no State can grant power to do that which it cannot do itself: Federalist, Nos. 47, 48, 49, 50 and 51—as to the meaning of the maxim, that the political power should be divided into three departments, &c., Jefferson's notes on Va., p. 195; Tuck. Blk., 1 part 1 vol., ap. 79, 187 and 188.

IV. Hence, mayors, as such, having no power to take recognizance, it is void: 1 Mo. R., p. 546; State vs. Walker & Emons, 4 Z R., p. 505; 2 H. Black.. p. 418; 2 Dal., p 307.

V. Offices of mayor and justice of the peace are incompatible at common law, and Powell having accepted the office of mayoralty, it avoids the office of justice of peace—he cannot act under both: 5 Bac. ab. p. 204, Q?.; 2 Z R., p. 85; 4 Inst. 100, 105, 110.

## LAMB, for the State.

I. The demurrer to the *scire facias* was properly overruled. The mayor of the city of St. Charles had jurisdiction of the subject matter. See Rev. C., p. 854, sec. 1, in connection with sec. 1 of p. 857, and the court will presume that the jurisdiction of the mayor when given over a subject matter, was rightfully exercised in other respects, until the contrary is shown. As to the jurisdiction of the mayor of the city of St. Charles, see acts of 1848–9, p. 268.

II. It was necessary for the defendant's name to appear in the body of the bond, a blank being left for the name in the body, and the name signed at the bottom of the allegation, was a sufficient signing to make defendant liable.

Cunningham vs. State of Missouri.

It fully appears from the whole of the allegation, who were the principals and who were the security, and the acknowledgment of the obligee was made in the proper form.

III. It is submitted, that the question, as to whether the obligation was properly executed, cannot be raised by demurrer, but the same should have been done by the plea of *non est factum*.

IV. The demurrer admits all the facts, as set forth in the *scire facias*, to be true, and it is submitted that there are sufficient facts set forth in the *scire facias* for the court to enter judgment upon. The *scire facias* expressly charges that defendant executed the obligation as security.

## LACKLAND, for the State.

The *scire facias* alleges that the defendant entered into the recognizance. This allegation, in this regard, makes the *scire facias* sufficient. If this allegation be denied by plea, it must be proven by the State, and in default of such proof, defendant must be acquitted. But this cannot be reached by demurrer, because it would be in effect deciding that a demurrer would lie in a case of variance between the allegations in a *scire facias* and the proof to sustain it. If the recognizance was not the recognizance of the defendant he should have plead *non est factum*; or, he should have objected to the reading of the recognizance in support of the allegation in the *scire facias* on the grounds of a variance.

But the defendant files his demurrer to the *scire facias*, and thus admits the allegation contained therein. The demurrer is overruled; he asks no leave to plead, and makes no objections to the proceedings except by his demurrer. If the court are of opinion that the *scire facias* is sufficient, and that that is the only [question] raised in this cause, the judgment ought to be affirmed.

But suppose the court be of opinion, that the demurrer raises the question of the validity of the recognizance. We do not think the omission of the name of the surety, in the body of the recognizance, a fatal defect. We are aware that the opinion of this court; delivered by Judge Scott, in the case of Adam et al. vs. Wilson, 10 Mo. R., 341, is against this proposition. In this opinion Judge Scott refers to 1st Tucker's Com., p. 275 (which by the way is a mistake for 265,) where may be found the passage quoted in said opinion. This may, we think, be regarded as the mere dictum of Mr. Tucker. In connection with this text, Mr. Tucker referred to 2 Munford, 88 and 298, but for [what] purpose he refers to them we are not able to tell, for they do not seem to support the text. But supposing they did support the text, the doctrine is virtually overruled in Bartley vs. Yeats, 2 Hen. & Munf. 398, where the reverse is laid down as the law in such a manner as to lead us to believe that it was never thought of by the court as being otherwise.

It is believed that the doctrine, establishing the principle, that where several sign and seal a bond, and the names of some only of them appear in the body of the bond, all are equally bound, is applicable to this case. Indeed, Judge Scott tells us that it would seem, that the principle governing the one, would apply to the other.

We refer the court to some authority sustaning the proposition:

"Though a bond be made in the singular number, in the body, yet if several sign it, all are **bound.**"

Words of a bond: "On or before, &c., I promise to pay, &c., Daniel Huff, &c. Signed, For Joseph Heslep, Thomas Ramsey, Jenkins Withers, J. E. Summers." This is the bond of all. Martin vs. Dortch, 1 Stenald, 479.

A bond in these words, "We, A. B. and C. D., are jointly and severally bound, &c," and signed and sealed by A. B., C. D. and E. F., is good against E F.: Campbell vs. **Campbell,** Bayton's Reps 38.

"Although the names of the sureties are not in any part of the body of the bond, but blank places are left for them, unfilled, yet if they sign, seal and deliver it as their bond:" Stone vs. Wilson, 4 McCord, 203.

### Cunningham vs. State of Missouri.

"To constitute the bond the deed of the defendant, it is necessary to prove that he sealed and delivered it as his deed." Joyner vs. Cooper, 2 Bailey 199. Bac. ab. tit. oblegalum,

An appeal bond is valid though the name of the surety be not mentioned in the body One executing a bond is bound by it, though he be not named in the body of it. It is enough in any contract, that the intent of the parties clearly appears." Exparte Fulton. 7 Cow. 484.

"A bond executed by a surety before his name was inserted in the body of the bond, his name being afterwards inserted, when he was not present, was held good against him." Smith vs. Croaker, 5 Mass. 537,

"Though there be a total blank for the name of the surety in the obligatory part of the bond, yet his name being mentioned in the recital of the conditions, and having signed and sealed it, it was held sufficient to charge."

Bond—"Know all men by these presents that we, Joshua Bartlett and ——— are held and firmly bound unto William Yeats & Co." and signed and sealed by

JOSHUA BARTLETT. L. S.

JAMES FERGUSON. L. S.

Signed, sealed, and delivered in the presence of ———." is binding upon James Ferguson: 2 Ham. & Mum. 393.

"A forthcoming bond appearing in other respects to be in proper form ought not to be quashed on the grounds that in the obligatory, or penal part thereof, a blank is left for the names of the obligors." Beal vs. Wilson, 4 Munf 3-0.

"The name of the obligors being omitted in the body of the bond, is no objection to its validity." Vanhook vs. Burnett, 4 Dev. 272.

"A writing obligatory, binds all who sign it as obligors, as well those not named in the body of the bond, as those who are." Blakey vs. Blakey, 2 Dana. 463.

It is not necessary that the name of the obligor appear in the body of the bond. If it be signed and sealed by him it binds him." Pequawkett vs. Mather, 7 N. H., 23.

"April 4, A. D. 1832: I do hereby certify that I will go security for John Patterson, that the judgments in favor of John Baymiller against the said John Patterson, that the will not injure Henry Shenberger, &c. In witness whereof we have hereunto set our hands the day and year above writen.

JOHN PATTERSON.

ANTHONY KINSELY."

This is the bond of Arthur Kinsely, although his name does not appear in the body of it. Kinsely vs. Shenberger, 7 Watts, 193.

It seems to us, that the above authorities support beyond all question, two propositions, to-wit :

1st. That the omission of the name of the principal or security in the body of a bond, is no fatal defect if the bond be signed and sealed and delivered as his bond, by such principal or security, although the bond may contain the names of other principals or securities in its body.

2nd. That by signing, sealing and delivering the bond, the obligor makes it his act and deed and it is therefore binding upon him.

The same rule seems to have been laid down by the courts in regard to recognizances.

"A recognizance of special bail endorsed on the writ in the singular number, and signed by three, is binding on all, although the names of all are not inserted in the body of the recognizance." Bruce vs. Colgum, 2 Littell, Ky., 284.

"Where a recognizance, taken before a justice of the peace, has been signed and sealed by the principal and his security, its validity is not effected by the failure to insert the name of the latter in a blank left for that purpose in the body of it." Badger & Clayton vs. State, 5 Ala., 21.

The certificate of the mayor states that it was taken, signed and acknowledged before him on the 23d May, &c. This, we take it, shows that the recognizance was the act and deed of the defendant, as well as the others, whose names appear in the recognizance.

Cunningham vs. State of Missouri.

The recognizance need not state that the offence was committed in the city of St. Charles. It should only appear that the recognizance was taken within the city of St. Charles, where the mayor had jurisdiction.

The mayor had authority to take the recognizance by virtue of sec. 1 of Ch., 1 and 2 of Prac. and Proc. in criminal cases, by virtue of his office, as mayor; and by sec. 6, art. 3 of act incorporating the city of St. Charles, the mayor is made *ex-officio*, a justice of the peace; acts '48-9, p. 269.

The mayor, therefore, had authority to take the recognizance. The recognizance states the offence fully. The defendant signed and acknowledged it to be his deed, and is then binding upon him.

RYLAND, J., delivered the opinion of the court.

From the above statement, the questions arising in this case, are principally two. One on the recognizance. The other the power and authority of the mayor of the city of St. Charles to take the recognizance of persons charged criminally before that office.

The recognizance has been considered similar to an obligation or bond, and liable to the same rules and principles as bonds are, in regard to their effect.

This court has lately in two cases overruled its former decision made in the case of Adams et als. vs. Wilson, 10 Mo. Rep. 341. "So far as regards the insertion of the names of the obligors in the body of such instruments."

We have after mature reflection and investigation become satisfied, that our present views are more consonant with the decisions of the courts of the United States on this subject, than the decision of the case of Adams et als. vs. Wilson. The authorities cited by judge Tucker, upon whose commentaries the first decision appears mainly to rest do not support the judge. This point has been investigated by the counsel for the State and the authorities cited in his brief will pay amply for the trouble and time spent in their perusal.

Without therefore, stopping here to decide whether the demurrer of the defendant can reach back beyond the *scire facias* so as to embrace a defect in the recognizance itself, we will settle once more this question, about inserting the names of principals or securities in bonds and recognizances in the bodies of such instruments, by stating that we consider the omission to make such insertion no way important; the bonds being just as good and binding without such names being on the face of the bonds as with them. This point therefore we rule for the State.

The second point, we consider settled by the statute incorporating the city of St. Charles. That expressly gives jurisdiction and power in such matters to the mayor—and we are not prepared to say, that the

legislature can not confer such power on the mayor. Indeed we are unable to find any prohibition or restraint upon the legislature in thus using its power and authority.

We see nothing then requiring the interference of this court, with the judgment of the court below.

It is therefore affirmed.