Knappe vs. Seyler.

Knappe, Respondent, vs. Seyler, Appellant.

*February 3 — February 23, 1894.*

*Justices' courts: Appeal: Affidavit.*

1. If, upon an attempted appeal from a justice, there is no affidavit that the appeal is made in good faith, as required by sec. 3754, R. S., the circuit court acquires no jurisdiction.
2. A paper in the form of an affidavit but without any signature to the jurat is not an affidavit.

APPEAL from the Circuit Court for *Ashland* County. Action upon an express oral contract for wages. In justice's court there was a judgment in favor of the defendant, and the plaintiff attempted to appeal to the circuit court. In that court the plaintiff had a judgment, from which the defendant appeals. Other facts are stated in the opinion.

For the appellant the cause was submitted on the brief of *A. E. Dixon.*

[No appearance for the respondent.]

ORTON, C. J. The judgment before the justice was in favor of the defendant for costs. The plaintiff attempted to appeal to the circuit court, and presented to the justice a notice of appeal, but he did not make and present the affidavit that the appeal was made in good faith, as required by sec. 3754, R. S. The defendant moved in the circuit court to dismiss the appeal, and the motion was denied.

The motion should have been granted. There was clearly no appeal taken, and the circuit court had no jurisdiction in the case. *Evangelical L. St. P. Gemeinde v. Koehler*, 59 Wis. 650; *Kelly v. Owen*, 63 Wis. 351; *Morris v. Brewster*, 60 Wis. 229; *Palmer v. Peterson*, 46 Wis. 401. There is, among the papers sent up by the justice, the form of an affidavit the statute requires, signed by the plaintiff, and a blank jurat not signed by any person, official or otherwise. It is not an affidavit, and therefore no appeal was taken. The plaintiff obtained a judgment on the verdict of the jury of $62.75 damages and $29.99 costs, which must go for naught, but the result is inevitable.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to that court to grant the defendant's motion to dismiss the appeal.