MUELLER, Appellant, vs. RICE and others, Respondents.

*April 23—May 14, 1912.*

*Justices' courts: Appeal: When taken: Unlawful detainer: Undertaking to stay execution: Breach: Failure to appeal: Recitals: Estoppel.*

1. An appeal from justice's court is not taken until both a notice of appeal and an affidavit of good faith are presented to the justice as required by sec. 3754, Stats. (1898).

2. Where the defendant in an action of unlawful detainer gave notice of appeal from a judgment of restitution and an undertaking to stay execution under sec. 3368, Stats. (1898), conditioned to pay the *costs of the appeal* and the rent and other damages accruing *during the appeal,* but did not perfect the appeal by filing any affidavit of good faith, such conditions of the undertaking never became operative and hence could not be breached.

3. Although such undertaking recited that an appeal had been taken, and upon the filing thereof a writ of assistance, which had been issued, was returned unexecuted and defendant remained in possession of the premises for two weeks or more before she was put out on a second writ, those who executed the undertaking were not estopped from claiming that no appeal had in fact been taken.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

*Paul D. Durant,* for the appellant.

For the respondents *Rice* and *Fellows* there was a brief by *Kanneberg, Cochems & Wolfe,* and oral argument by *H. O. Wolfe.*

For the respondent *Hadden* there was a brief by *Glicksman, Gold & Corrigan,* and oral argument by *H. L. Gold.*

WINSLOW, C. J.    The plaintiff having obtained judgment against the respondent *Alice B. Fellows* of restitution of certain premises in an action of unlawful detainer before a justice of the peace, said respondent *Fellows* gave notice of appeal from the judgment, and also gave an undertaking to stay

execution under sec. 3368, Stats. (1898).    This undertaking was signed by herself as principal, and by the respondents *Rice* and *Hadden* as sureties, and was conditioned that the principal would "pay all costs of such appeal which may be awarded against her and abide the order of the court therein, and pay all rent and other damages accruing to the plaintiff during the pendency of such appeal."    The appeal never was perfected by the filing of an affidavit of good faith, as required by secs. 3368 and 3754, Stats. (1898).    Upon the filing of the undertaking a writ of assistance which had been issued was returned unexecuted, and the respondent *Fellows* remained in possession of the premises for a little more than two weeks, when she was put out by a second writ of restitution, and this action was brought upon the undertaking by the plaintiff to recover costs and damages sustained by her by reason of the defendant having remained in possession of the premises.

At the close of the plaintiff's evidence a verdict for the defendants was directed on the ground that no appeal ever was taken in the unlawful detainer action.    This direction was unquestionably correct.    The appeal is not taken until both the notice of appeal and the affidavit of good faith are presented to the justice.    Hence no appeal was ever taken in the present case.    *Knappe v. Seyler,* 87 Wis. 165, 58 N. W. 248. The undertaking was conditioned to pay the costs *of the appeal,* and the rent and other damages accruing *"during the appeal."*    The conditions of the undertaking, by their express terms, only became operative in case an appeal was taken, consequently they never have been breached.

It is argued that the defendants are estopped from claiming that no appeal has in fact been taken because the undertaking recites that the same has been taken.    On this proposition the cases of *Clark v. Miles,* 2 Pin. 432; *Love v. Rockwell,* 1 Wis. 382; *Billingsley v. Harris,* 79 Wis. 103, 48 N. W. 108; *Zechman v. Haak,* 85 Wis. 656, 56 N. W. 158; *Wilkinson v. United*

*States F. & G. Co.* 119 Wis. 226, 96 N. W. 560; and *Stevenson v. Morgan,* 67 Neb. 207, 93 N. W. 180, are relied on. The principle of all of these cases is that where by virtue of the giving of a bond or undertaking the party has secured and enjoyed the delay or other benefit to be secured only by the giving of a valid bond, he is estopped to deny the recitals of the bond to the effect that the appeal was in fact taken, or the provisional remedy issued, or the contingency existed which was the necessary precedent to the giving of the bond.

In the present case there is no such situation. The statute gave the plaintiff ten days within which to take the appeal and file the bond. She might file the bond the first day and take the appeal the last day of the ten if she chose, or she might file the bond and never take the appeal, as she did in this case. In either case she was acting within her right. When the ten-day period had expired all parties understood that there was no appeal. The justice made no return, and the plaintiff caused a writ of restitution to be at once issued. The advantage or delay which would have resulted from a valid appeal was never secured, hence there is no room for the application of the doctrine of estoppel laid down in the cases cited. Whether the statute does not furnish a means of sharp practice by which a party may give a bond and then never take an appeal, and thus secure a ten-day delay which he ought not to have, and for which he gives no security, is a question addressed rather to the legislature than to the court.

*By the Court.*—Judgment affirmed.