[Civil No. 1894.  Filed October 19, 1921.]

[201 Pac. 98.]

## B. S. REED, Appellant, v. E. R. CHAMBERS and R. G. CHAMBERS, Appellees.

1. APPEAL AND ERROR—NOTICE OF APPEAL REQUIRED BY STATUTE HELD JURISDICTIONAL.—Under Civil Code of 1913, paragraph 1234, providing that 'a party taking an appeal must give notice of appeal in open court which shall be entered on the minutes of the court, or by written notice which shall be served upon the adverse party or his attorney and filed with the clerk of the superior court, such notice is jurisdictional.

2. APPEAL AND ERROR—NOTICE OF APPEAL IS ESSENTIAL TO EFFECT APPEAL AND BOND WITHOUT NOTICE IS INVALID, THOUGH RECITING THAT NOTICE WAS GIVEN.—The mere fact that an appeal bond was given and had been approved and recited, contrary to fact, that notice of appeal had been given, does. not effect an appeal, and a bond called a "Bond on Appeal" on file, where the notice of appeal required by statute was not given, is without validity either as an appeal bond or a supersedeas bond.

3. APPEAL AND ERROR—NOTICE OF APPEAL GIVEN SUBSEQUENT TO FILING OF BOND WITHIN STATUTORY TIME VITALIZED THE BOND.—Under Civil Code of 1913, paragraph 1234, it is not necessary that notice of appeal should be given before the filing of the bond, but is sufficient if given within the statutory time, and, if subsequent to the filing of the bond, will vitalize the bond.

4. APPEAL AND ERROR—UNTIL NOTICE OF APPEAL IS GIVEN, A BOND ON FILE IS SUBJECT TO ORDER OF THE COURT.—Until notice of appeal is given, an appeal bond on file, being useless and performing no function, is subject to the order of the court, and treating it as a nullity and releasing its sureties is proper.

APPEAL from a judgment of the Superior Court of the County of Navajo.  J. E. Crosby, Judge.  Affirmed.

Mr. Thorwald Larson, for Appellant.

Mr. C. H. Jordan and Mr. W. E. Ferguson, for Appellees.

McALISTER, J.—This is an appeal from an order of the superior court releasing from further liability the sureties on a bond which is claimed by appellant to be both an appeal and supersedeas bond, but by appellees to be only the former.

B. S. Reed, plaintiff-appellant, recovered, on a promissory note judgment for $1,500, together with attorney's fees, interest, and costs, against E. R. Chambers and R. G. Chambers, defendants and appellees. A demurrer to the complaint had been overruled March 6, 1920, and ten days given for filing an answer, but, none having been filed, the default of the defendants was entered and a trial had May 7, 1920, resulting in a judgment for the plaintiff. On May 17th a motion for a new trial was filed, which was denied on May 27th by operation of law. No notice of appeal therefrom was given, nor from the judgment itself, but on June 5th a bond, entitled "Bond on Appeal," having been approved, was filed by defendants, and in it appears the statement that upon the denial of their motion 'for a new trial the defendants "gave notice of appeal in open court from said judgment and said order denying defendants' motion for a new trial to the Supreme Court of the state of Arizona." On June 26th thereafter an order was entered releasing the sureties on this bond from further liability and a new bond, identical in form with it except as to dates and sureties, was approved and filed. Upon hearings, orders were entered releasing W. W. Perkins and Julio Sancet, sureties on the new bond, from further liability thereon, the first order being on October 1st and the second on October

30, 1920. The purpose of this appeal is to have this court set aside and hold for naught these two orders. No other error is assigned.

The sheriff of the county certifies under date of June 5th that, in pursuance of a writ of execution issued out of the superior court of Navajo county on May 7, 1920, he levied on 950 head of Navajo ewes, the property of one of the defendants, took them into his possession, and advertised them for sale, but before the sale took place he released them by direction of the plaintiff; the defendants having given a *supersedeas* bond in double the amount of the judgment. This certificate was made on the day the first bond was filed, but error is not based on the order of June 26th releasing the sureties on this bond from further liability.

Notwithstanding the statement in both bonds that defendants gave notice of appeal in open court from the judgment and the order denying their motion for a new trial, it is established from the record that no such notice was given. In this jurisdiction an appeal is "taken by the party taking the same giving notice of appeal in open court, which shall be entered in the minutes of the court, or by a written notice which shall be served upon the adverse party or his attorney, and filed with the clerk of the superior court." Paragraph 1234, Rev. Stats. Ariz. 1913. In the case of *Thomas* v. *Speese,* 14 Ariz. 556, 132 Pac. 1137, this court said that giving notice of an appeal is jurisdictional, using the following language:

"In all civil cases other than those where the appellant is not required to give bond on appeal the appeal is taken by the appellant giving notice of appeal in open court, which shall be noted on the docket and entered of record and within twenty days after giving such notice by filing with the clerk of the court an appeal bond. Paragraph 1496, Rev. Stats. Ariz. 1901, as amended, chapter 21, First Legislature, First Ses-

sion 1912. Giving the notice of appeal, and in cases where a bond on appeal is required filing the appeal bond are jurisdictional. In this case the bond on appeal was filed, but the record fails to show that appellant gave the statutory notice of appeal. This is fatal, and this court has no jurisdiction of the case but to dismiss the appeal.''

Whether the bond was merely an appeal bond, or both an appeal and *supersedeas* bond, is immaterial for the purpose of this appeal, though it seems to have complied with the requirements of both, notwithstanding it is denominated a ''Bond on Appeal.'' It was, however, without any validity as either, since no appeal had, at the time it was filed or later, even been started. In no way can the machinery by which a case reaches the Supreme Court of this state on appeal be set in motion except by giving the required notice to that effect, and until that is done all proceedings looking toward an appeal are without force or effect. The fact that the bond had been approved, and recited, contrary to the fact, that notice of appeal had been given, does not relieve the party desirous of appealing from giving the necessary notice. It is not required, however, that it be given before the bond is filed to render the latter effective. If it be given within the statutory time, though subsequent to the filing of the bond, it will have the effect of vitalizing the latter. *Inspiration Consolidated Copper Co.* v. *Mendez,* 19 Ariz. 151, 166 Pac. 278, 1183. Until the notice of appeal is given a bond on file is subject to the order of the court, since under such circumstances it is entirely useless, performing no function whatever. So in this instance the bond was properly treated as a nullity, and a motion to release its sureties granted, the same as a request to strike it from the files could have been. It cannot be contended that it superseded the judgment; for, standing alone, it had no effect whatever, and neces-

sarily could not have prevented a sale of the sheep levied on under the execution.

It follows that the orders releasing the sureties Perkins and Sancet, from further liability on the bond approved and filed June 26th were not erroneously entered, and are therefore affirmed.

ROSS, C. J., and FLANIGAN, J., concur.