## SECHRIST v. BRYANT.

(Court of Appeals of District of Columbia. Submitted October 18, 1922. Decided January 2, 1923. Stay of Mandate Denied February 9, 1923.)

No. 3782.

1. **Continuance ⬅︎7—Motion is addressed to sound discretion of court.**

A motion for a continuance is addressed to the sound discretion of the trial court.

2. **Continuance ⬅︎20(3)—Other engagement of attorney known when employment was accepted does not require continuance.**

Where a tenant waited 10 days after the service of summons in a municipal court proceeding before consulting an attorney, and the attorney then accepted the employment, knowing when he did so that at the time fixed for the tenant's appearance he would be engaged in another court, the client was not diligent, and counsel was not prevented from performing his duty by unavoidable circumstances or unforeseen contingency, so that it was not an abuse of the trial court's discretion to deny a motion for continuance.

3. **Courts ⬅︎168—Municipal court has jurisdiction to restore possession, regardless of amount of rent.**

The municipal court has jurisdiction to issue a writ of restitution for the possession of premises, because of the termination of the tenancy by nonpayment of the rent, even though the rent was more than $1,000 per annum.

4. **Landlord and tenant ⬅︎315(2)—Writ of error to review restitution proceedings does not operate as supersedeas before bond.**

Under Code, §§ 1074, 1233, authorizing execution unless an appeal operates as a supersedeas, a writ of error to a judgment of the municipal court awarding possession of the premises to the landlord does not operate to stay the issuance of the writ of restitution until the supersedeas bond or undertaking is filed.

5. **Landlord and tenant ⬅︎278½, New, vol. 11A Key-No. Series—Proceedings before rent commission do not prevent dispossession for nonpayment of rent.**

Under Act Oct. 22, 1919, § 107, the determination of the rent commission, fixing a fair rent, is effective only from the date of filing the complaint, so that the pendency of such proceeding does not affect the right of the landlord to recover, by proceedings in municipal court, possession of premises for the tenant's default in the payment of the rent prior to the institution of proceedings before the rent commission.

Writ of Error to the Municipal Court of the District of Columbia.

Action by Wallace Bryant, as landlord, to recover possession of premises rented by him to Ida M. SeChrist (Pletcher), as tenant. Judgment for the landlord, and the tenant brings error. Affirmed.

H. Ralph Burton and William H. Boyd, both of Washington, D. C., for plaintiff in error.

Tench T. Marye and Clyde D. Garrett, both of Washington, D. C., for defendant in error.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals (sitting in the place of VAN ORSDEL, Associate Justice).

SMITH, Acting Associate Justice. Wallace Bryant, the defendant in error, filed on the 9th of November, 1921, a declaration in the municipal court of the District, complaining that the tenancy of prem-

⬅︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ises rented by him to Ida M. SeChrist had been determined by default in the payment of the rent provided for in the agreement which established the tenancy, and that possession of the premises was withheld from him by her, notwithstanding a notice to quit in accordance with the agreement. On filing the declaration, a summons was issued commanding the plaintiff in error to appear and make answer on the 22d of November, 1921, at 10 o'clock a. m., and notifying her that, if she failed to do so, she would be proceeded against as in case of default. The summons was served by the marshal, as shown by his return dated November 11, 1921.

The bill of exceptions makes it clear that the plaintiff in error did not retain counsel until the day before she was required to appear and make answer to the declaration. The attorney whom she engaged to represent her knew at the time he was retained that he would be required to proceed on the following day with the trial of another case in another branch of the municipal court at the very hour set for the appearance and answer of the plaintiff in error. Nevertheless he accepted employment on the assumption that he would be able to secure a continuance of Bryant v. SeChrist, and took the hazard of a denial of the motion for lack of merit. By indulgence of the court having jurisdiction of the other case, counsel for plaintiff in error appeared at the hour set for the hearing of Bryant v. SeChrist, and moved that the hearing thereof be continued on account of his inability to attend by reason of his professional engagements elsewhere. His motion was denied, and, being unable to go on with the trial, judgment was entered against his client.

The matter is brought to this court by writ of error, and plaintiff in error in support of the writ contends, first, that the motion for a continuance should have been granted; second, that the municipal court had no jurisdiction of the subject-matter of the litigation; third, that the writ of restitution should not have been granted on the day following the entry of judgment, and after notice of intention to apply for a writ of error had been given; fourth, that the municipal court erred in requiring defendant immediately after entry of judgment to furnish an undertaking on appeal in order to stay execution of said judgment.

[1] The motion for a continuance was addressed to the sound discretion of the municipal court, and on the undisputed facts we cannot say that its denial was an abuse of discretion.

[2] Attorneys cannot, of course, be in two places at once, and courts ought to be and are indulgent in granting continuances, where counsel and the parties represented by them, without fault of their own, are confronted with the impossible situation of proceeding with trials of different cases set for hearing for the same day and hour in different courts. If, however, parties to litigation neglect to engage counsel until the day before an issue comes on regularly for hearing, and if counsel accept employment with full knowledge that, because of other commitments, they will be unable, at the time required, to render the service for which they are employed, it cannot be said that the client was diligent, or that counsel was prevented from per-

forming his professional duty by unavoidable circumstances, or by an unforeseen contingency.

Plaintiff in error should not have permitted 10 days to elapse before taking steps to employ counsel to represent her, and counsel should not have assumed at the eleventh hour the responsibility of representing her, knowing, as he did, that he could not proceed because of another trial having a prior claim to his attention. The motion for a continuance was therefore properly denied. Armour & Co. v. Kollmeyer, 161 Fed. 78, 80, 88 C. C. A. 242, 16 L. R. A. (N. S.) 1110.

[3] As to whether the municipal court had jurisdiction of a case involving premises, the rent of which was more than $1,000 per annum, it is sufficient to say that the suit was not for rent, but for the possession of the premises because of the termination of the tenancy by reason of the nonpayment of rent, in which class of cases the municipal court has jurisdiction. Harris v. Barber, 129 U. S. 366, 371, 9 Sup. St. 314, 32 L. Ed. 697.

[4] The point that the judgment of the municipal court was stayed by an appeal, and that the writ of restitution was void, because issued subsequent to such appeal, is not well taken. Unless an appeal operates as a supersedeas, execution of the judgment may be had immediately. Section 1074, D. C. Code. Judgment was finally entered on December 5, 1921, at which time plaintiff in error gave notice of her intention to apply to this court for a writ of error; but, according to the docket entries, she filed no supersedeas bond or undertaking until December 8, 1921, two days after the issuance of the writ of restitution, which writ, by the way, was returned "Expired." Another writ of restitution was issued on the 31st of December, 1921, but that writ was returned "Withdrawn." Apparently the plaintiff in error was not injured by the issuance of either of the writs. Certainly the procuring of the writ of December 6th can hardly be regarded as error, inasmuch as no undertaking staying the judgment was then on file. An appeal without a supersedeas bond is sufficient to secure a review of the case, but ex proprio vigore it is not sufficient to stay execution of the judgment. Section 1233, D. C. Code; Dowling v. Buckley, 27 App. D. C. 205, 208.

[5] On the 22d day of November, 1921, the day set for the appearance and answer of Ida M. SeChrist, her attorney stated to the municipal court that a petition was filed by her on November 21, 1921, with the rent commission, praying that a fair and reasonable rent be fixed for the premises let. Service of that petition had not been made on the owner at the time counsel's statement was made, and, accepting the statement as an answer to the declaration, no proof whatever was tendered in support of the plea. If, however, it had been proven that the petition with the rent commission had been filed as stated, that fact of itself would not have been sufficient to oust the municipal court of jurisdiction of an action brought to recover possession of the premises for nonpayment of the rent due and unpaid at the time the petition was filed.

The determination of the rent commission, fixing a fair and reasonable charge, made in a proceeding before it, is effective only from the date of filing the complaint. Section 107, Act of October 22, 1919 (41 Stat. 300). That determination of the commission might affect the rent of the plaintiff in error from the date of filing the complaint, but it could not possibly affect the rent for which she was in default. A tenant cannot be evicted or dispossessed, so long as he pays the rent and complies with the other terms and conditions of his tenancy (section 109, Act of October 22, 1919); but he may be evicted and dispossessed, notwithstanding a complaint filed with the rent commission, if he has failed to comply with the terms and conditions of his tenancy. Before execution of judgment for possession, the tenant may save his estate, however, by paying the rent due, with interest and costs; but, unless such payment is made, the tenant must vacate the premises. Davis v. Taylor, 276 Fed. 619, at pages 621 and 622, 51 App. D. C. 97.

That any litigant should be denied a hearing is most regrettable, inasmuch as the denial may result in serious actual wrong. Nevertheless the rules which determine the right to a continuance are designed to secure the greatest good to the greatest number, in accordance with law, and as such rules cannot be sacrificed to sympathy, without putting a premium on neglect, want of foresight, and inexcusable delays, they must be enforced in the interest of an effective administration of justice.

The judgment is affirmed, with costs.