BAUMGARTNER and wife, Appellants, vs. NEW AMSTERDAM
CASUALTY COMPANY, Respondent.

*May 1—June 4, 1935.*

*Harold J. McGrath* of Milwaukee, for the appellants.
*George A. Gessner* of Milwaukee, for the respondent.

FAIRCHILD, J.   The appellants here were defendants in
another action in the circuit court wherein Dorothea Arndt
was the plaintiff.   That action grew out of a dispute over a
broker's commission.   The appellants recovered judgment on
their counterclaim, and thereafter instituted supplementary
proceedings against Dorothea Arndt in an effort to collect
that judgment.   On the day when the examination of Doro-
thea Arndt was to take place, the attorney for Arndt advised
appellants that his client intended to appeal from the judg-
ment and would give the usual undertaking to secure stay

of execution. Upon this representation the supplementary proceedings were held open without date, and the matter permitted to rest there. The following day an undertaking signed by the New Amsterdam Casualty Company, the respondent in this action, together with a notice of appeal, was served upon the attorney for the appellants. No notice thereof was served upon the other parties to the action, and the undertaking was never filed with the clerk of the circuit court for Milwaukee county as required, in order to perfect the appeal.

The appellants yielded up an advantage without securing its equivalent or guarding against the very thing that occurred, the failure to take the appeal. There had been a promise of giving a sufficient undertaking to stay the execution of the judgment. No inquiry was made as to whether the undertaking had been filed and the appeal perfected. In reviewing the matter upon the appeal from the civil court, Judge AARONS noted that "the docket entries do not show the serving on or filing with the clerk of any notice of appeal or undertaking on appeal." It appears that the promise to perfect the appeal and furnish the undertaking was made on May 14, 1930; that on July 30, 1931, a motion was made to require the filing of the original notice of appeal and undertaking; and that this motion was denied. The undertaking recites that "the above named plaintiff feeling aggrieved . . . intends to appeal . . . to the supreme court of the state of Wisconsin." It is there stipulated, in substance, that, if the said judgment so appealed from is affirmed, the appealing party will pay the amount directed by the judgment to be paid, and the New Amsterdam Casualty Company became surety therefor to the extent of $250. No liability on the part of the surety company could arise unless and until the appeal was actually taken. That event never happened. We agree with the decision of the trial court, and are

also of the opinion that this case is ruled by *Mueller v. Rice,* 149 Wis. 548, 136 N. W. 146. The appeal never having been taken in the case in which appellants had judgment, this court never acquired jurisdiction, and the stipulation of the undertaking never came to be an effective liability.

*By the Court.*—Judgment affirmed.