**JONES v. COSTA et al.**

No. 1294.

Municipal Court of Appeals for the District of Columbia.

Submitted Jan. 5, 1953.

Decided Feb. 13, 1953.

---

Maurice A. Guervitz, Washington, D. C., for appellant.

Kahl K. Spriggs, Washington, D. C., for appellee Travelers Indemnity Co.

Selmer R. Johnson, Washington, D. C., for appellee Costa.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal grows out of a landlord and tenant proceeding. The landlord sued for possession of certain business property and obtained judgment on October 12, 1951. The tenant had ten days or until October 22 to file notice of appeal. On October 19 he presented to the trial court a supersedeas bond in the sum of $1,500 with corporate surety and this bond was approved and filed. However, the tenant did not file notice of appeal and made no attempt to prosecute an appeal. In January, 1952 the tenant vacated the premises. Some months thereafter the landlord filed a motion to assess damages under the supersedeas bond, setting forth various items of alleged damages totaling $1,575.82. The surety answered the motion by denying that the alleged damages constituted a proper claim against the bond and further denying that the bond ever became effective as a supersedeas bond. The trial court overruled the motion to assess damages and the landlord has appealed.

The surety suggests that the order overruling the motion to assess damages is not an appealable order, that the effect of the order was merely to put the landlord to the proof of his damages. The rules of the trial court provide that liability on a supersedeas bond may be enforced on motion, and although it may be necessary to establish the amount of liability by evidence, the motion should not be overruled without affording the claimant an opportunity to offer proof of his damages. The trial court indicated no reason for its ruling. If it intended only to deny relief until evidence of the claimed damages had been offered, we think it would have so indicated. We think the effect of the trial court's order was to hold that there was no liability on the bond, and our question is whether such holding was correct.

The bond recited that the tenant had "filed notice of appeal * * * and to supersede said judgment is required to give an undertaking * * * conditioned for the satisfaction of the judgment * * * if for any reason the appeal is dismissed or if the judgment is affirmed * * *."[1] Our question narrows itself to what liability

[1]. The bond was not properly conditioned. The rules of the trial court provided: "When the defendant in an action to recover possession of real estate seeks such review, the undertaking shall also provide for the payment of all intervening damages to the property sought to be recovered and compensation for its use and occupation from the date of the judgment to the date of the satisfaction thereof if the judgment is not reversed." Rule 60(a). Present Rule 73(a).

exists on a supersedeas bond when no notice of appeal is filed and no attempt is made to prosecute an appeal.

Rule 16 of this court provides that appeals shall be taken by filing with the clerk of the trial court a notice of appeal. The filing of timely notice of appeal is jurisdictional and neither this court nor the trial court can extend the time for filing thereof. When notice is not filed in time, no appeal exists, there is nothing for this court to review and the judgment of the trial court becomes final. It is quite evident that here no appeal was taken. The filing of the supersedeas bond did not constitute the commencement or institution of an appeal. Such a bond is not a necessary or component part of an appeal. Its function is to stay enforcement of the judgment pending an appeal.

The authority for filing the supersedeas bond was Municipal Court Rule 60 (now Municipal Court Rule 73 patterned after Fed.R.Civ.P. rule 73, 28 U.S.C.A.) which rule provided: "Whenever an appellant desires a stay on appeal he may, within 10 days from the date of entry in the civil docket of the judgment or order appealed from, present to the court for its approval a supersedeas bond, which shall have such surety or sureties as the court requires." It will be observed that the rule permits "appellant" to file such bond. We think this is a clear indication that a supersedeas bond cannot be filed, or at least cannot become effective, until the party filing it has also filed notice of appeal. This is made plain by Fed.R.Civ.P. rule 62(d) which provides:

"When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court."

Although at the time the bond was filed the Municipal Court had no rule similar to Fed.R.Civ.P. rule 62(d) it has since substantially adopted that rule in its present rule 62(d). It seems apparent that the rules of the trial court permit the giving of a supersedeas bond only by one who has taken the first and jurisdictional step towards prosecuting an appeal by filing notice of appeal. Only an appellant can file a supersedeas bond and until notice of appeal is filed there is no appellant. The bond itself was based on the assumption that an appeal had been noted because it recited in express terms that the tenant had filed notice of appeal.

In the absence of notice of appeal, it is our conclusion that the bond never became effective as a statutory obligation and no liability existed thereon. Many authorities are in accord with our conclusion.[2] Others apparently hold to the contrary.[3] However, it is not clear from the latter authorities whether the bond was held effective as a statutory obligation or whether recovery was permitted on some other ground. The conflicting holdings may be due in part to the different statutes and rules of court on the subject in the various jurisdictions.

Some authorities hold that a supersedeas bond although ineffective as a statutory bond may be enforced as a common-law obligation.[4] The reasoning is that if by the filing of the bond an actual stay of execution is obtained, the obligors on the bond are estopped to deny its validity. We need

2. Reed v. Chambers, 23 Ariz. 35, 201 P. 98; Maher v. Morrison, 178 Iowa 1318, 160 N.W. 924; Baumgartner v. New Amsterdam Casualty Co., 218 Wis. 442, 261 N.W. 15. Cf. United States v. Morris' Heirs, C.C.E.D.La., 153 F. 240; Hampshire Arms Hotel Co. v. St. Paul Mercury & Indem. Co., 215 Minn. 60, 9 N.W.2d 413.

3. Dexter, Horton & Co. v. Sayward, C.C. D.Wash., 84 F. 296; Tackett v. United States Fidelity & Guaranty Co., 112 Kan. 500, 212 P. 357; Howe v. Farmers' & Merchants' Bank, 155 Okl. 284, 8 P.2d 665. Cf. Dugas v. New York Casualty Co., 181 La. 322, 159 So. 572.

4. Swofford Bros. Dry-Goods Co. v. Livington, 16 Colo.App. 257, 65 P. 413; W. J.

not consider those cases for it is obvious that by the summary proceeding under rule of court no claim was asserted on the bond as a common-law obligation.

We do not wish to be understood as holding that a supersedeas bond filed before notice of appeal cannot become effective on filing of timely notice of appeal; nor do we intend to intimate that there can be no liability on such a bond when sued on as a common-law obligation. Our holding is confined to the ruling that where no notice of appeal is filed and no attempt is made to prosecute an appeal, a supersedeas bond although approved and filed cannot be the basis of recovery by motion under Municipal Court Rule 60, now Rule 73.

Affirmed.

Donnelly Co. v. Fidelity & Casualty Co., 23 Ohio App. 370, 155 N.E. 558; Haffner v. Commerce Trust Co., 184 Okl. 212, 86 P.2d 331, 120 A.L.R. 1057. Contra: Davis v. Huth, 43 Wash. 383, 86 P. 654; Mueller v. Rice, 149 Wis. 548, 136 N.W. 146.