Emanuel DICKEY and Speedy
Management Corporation,
Appellants,

v.

Mary FAIR, Appellee.

No. 99–CV–97.

District of Columbia Court of Appeals.

Argued Jan. 11, 2000.
Decided March 8, 2001.

Kenneth J. Loewinger, Washington, DC,
for appellants.

Richard J. Link, with whom Curtis J.
Karpel, was on the brief, Silver Spring,
MD, for appellee.

Before TERRY, STEADMAN, and
RUIZ, Associate Judges.

TERRY, Associate Judge:

This is an appeal from an order granting
a "motion to revive judgment" filed by the
assignee of the original judgment. Appel-
lants argue that the motion was improper-
ly granted (1) because the twelve-year
statutory period for enforcing the judg-
ment had expired, and had not been tolled
by the filing of a supersedeas bond, which
appellants never obtained, and (2) because
the assignment of the judgment had never
been filed with the Clerk of the Superior
Court as required by statute.[1] We reverse
on the first ground without reaching the
second.

I

Sallie Burke sued Emanuel Dickey and
Speedy Management Corporation for neg-
ligence. On March 26, 1986, a jury ren-
dered a verdict in Ms. Burke's favor,
awarding her $75,000 in damages. Judg-
ment was entered on the verdict on March
27. On April 24, 1986, appellants filed a
notice of appeal, but neither appellant ever

---

1. D.C.Code § 28–2301 (1996) provides:

A judgment or money decree may be as-
signed in writing, and upon the assignment
thereof *being filed in the clerk's office* the
assignee may maintain an action or sue out
an execution on the judgment in his own
name, as the original plaintiff might have
done. [Emphasis added.]

sought or obtained a supersedeas bond. This court dismissed the appeal with prejudice on April 10, 1987, because appellants had failed to order the necessary transcript from the court reporter. Ms. Burke obtained a writ of attachment on June 16, 1988, seeking to garnish Mr. Dickey's salary, but the writ was never executed, and no garnishment ever occurred.

On June 26, 1998, more than ten years later, Ms. Burke assigned her interest in the judgment to her sister, Mary Fair, the present appellee. Ms. Fair then filed a motion to revive the judgment on September 10, 1998, almost twelve and a half years after entry of the judgment. Appellants filed an opposition, but the trial court granted Ms. Fair's motion. This appeal followed.

## II

D.C.Code § 15–101(a)(2) (1995) provides, with an exception not pertinent here, that "every final judgment or final decree for the payment of money" issued by the Superior Court, when filed with the Recorder of Deeds,

> is enforceable, by execution issued thereon, for the period of twelve years only from the date when an execution might first be issued thereon, or from the date of the last order of revival thereof. The time during which the judgment creditor is stayed from enforcing the judgment, by written agreement filed in the case, or other order, *or by the operation of an appeal,* may not be computed as a part of the period within which the judgment is enforceable by execution. [Emphasis added.]

D.C.Code § 15–101(b) provides:

> At the expiration of the twelve-year period provided by subsection (a) of this section, the judgment or decree shall

cease to have any operation or effect. Thereafter, except in the case of a proceeding ʹthat may be then pending for the enforcement of the judgment or decree, action may not be brought on it, *nor may it be revived,* and execution may not issue on it. [Emphasis added.]

At issue in this case is the meaning of the italicized language in section 15–101(a)(2).

■■■ A supersedeas bond operates to stay the enforcement of a judgment pending appeal, *see Jones v. Costa,* 94 A.2d 651, 653 (D.C.1953); Super. Ct. Civ. R. 62(d), and thus it tolls the statutory twelve-year limit on enforcing a judgment. The question we must decide here is whether the pendency of an appeal in which no supersedeas bond was ever obtained tolls the twelve-year enforcement period. The trial court, in granting appellee's motion to revive the judgment, implicitly held that the twelve-year period was tolled. We cannot agree.

■■ Appellee bases her argument for tolling on the fact that D.C.Code § 15–101(a)(2) does not specifically mention the filing of a supersedeas bond; rather, it refers to "[t]he time during which the judgment creditor is stayed from enforcing the judgment ... by the operation of an appeal." The omission of any reference to a supersedeas bond, she maintains, shows that Congress (which enacted the statute) "intended that *all* appeals stay the running of the statute of limitations irrespective of whether a supersedeas bond has been filed." We conclude, however, particularly in light of Civil Rule 62(d),[2] that the more reasonable construction of the statute is that "[b]y the operation of an appeal" does not refer simply to the noting of an appeal, and that the mere existence of an appeal does not automatically stay the judgment. A stay must be affirmatively ordered by a

---

**2.** A stay can be granted by either the trial court or this court for any lawful reason. *See* Super. Ct. Civ. R. 62(d); D.C. Ct.App. R. 8. In general, however, the appellant cannot obtain a stay without first posting a supersedeas bond or some other appropriate security.

"The stay is effective when the supersedeas bond is approved by the court." Super. Ct. Civ. R. 62(d). *See also* Super. Ct. Civ. R. ʹ62–I (stating what a supersedeas bond must cover).

court, or a supersedeas bond must be obtained and filed, before the twelve-year enforcement period can be tolled under section 15–101(a)(2).

■ Relevant case law is sparse but consistent. In *Sechrist v. Bryant*, 52 App. D.C. 286, 286 F. 456 (1923), the court held that "[a]n appeal without a supersedeas bond is sufficient to secure a review of the case, but ex proprio vigore it is not sufficient to stay execution of the judgment." *Id.* at 288, 286 F. at 458 (citations omitted). In *Jones v. Costa* this court stated that a supersedeas bond's "function is to stay enforcement of the judgment pending an appeal." 94 A.2d at 653. Thus, as we read *Jones*, there would ordinarily be no stay of the enforcement of the judgment without the filing of a supersedeas bond. More recently, in *Pierola v. Moschonas*, 687 A.2d 942 (D.C.1997), we explained that "[t]he stay . . . becomes effective when the trial court approves the [supersedeas] bond. . . ." *Id.* at 945 n. 2 (citing Rule 62(d)). The Fourth Circuit has also held that "[w]hen an appeal is taken, execution on a money judgment may be stayed by filing a supersedeas bond. . . . The appealing party is not required to obtain a stay, but if he does not do so, the creditor may proceed to execution on the judgment." *Kaplan v. Hirsh*, 696 F.2d 1046, 1047–1048 (4th Cir.1982). We agree with these cases and hold accordingly that the noting of an appeal that is not accompanied or followed by the filing of a supersedeas bond does not operate to stay the enforcement of a judgment. In this case, because no stay was ever sought and no supersedeas bond was ever obtained or filed, the judgment of March 27, 1986, was never stayed.

Appellee maintains nevertheless, citing *Lomax v. Spriggs*, 404 A.2d 943 (D.C. 1979), that the twelve-year enforcement period was tolled during the pendency of the earlier appeal even though no stay of the judgment was ever entered. But *Lomax* does not support her argument. What we said there was that "an execution may be suspended only 'by agreement or by an injunction or by an appeal operating as a supersedeas.'" *Id.* at 954 (citation omitted).[3] This statement is hardly conclusive of the issue; indeed, both parties cite it to support their respective arguments. *Lomax* dealt with a writ of attachment (not a writ of execution)[4] and the effect of the plaintiff's inability to garnish the defendant's wages because he was an employee of the federal government, whose wages were immune from garnishment until Congress in 1975 changed the applicable law. But whether or not wages can be garnished is simply a matter of *how* the judgment can be enforced. The issue in the instant case is *whether* the judgment can be enforced at all during the pendency of an appeal, and on that point *Lomax* is of no help to either party.

D.C.Code § 15–101(a)(2) provides that "[t]he time during which the judgment creditor is stayed from enforcing the judgment . . . may not be computed as a part of the period within which the judgment is enforceable by execution." Since Ms. Burke, the original judgment creditor, was never "stayed from enforcing the judgment," the twelve-year period was never tolled, and the time within which the judgment could be enforced began to run on April 7, 1986.[5] It expired twelve years

3. The language quoted in this excerpt from *Lomax* comes from a predecessor statute which has been supplanted by what is now D.C.Code § 15–302. There is no reference in the current version of either section 15–302 or section 15–101(a)(2) to "an appeal operating as a supersedeas."

4. The *Lomax* opinion discusses at some length the difference between the two types of writs and notes that the time within which "a writ

of execution may issue is shorter than that during which a writ of attachment may issue." 404 A.2d at 948.

5. The judgment in this case was filed on March 27, 1986. Under the "automatic stay" provision of Rule 62(a), a judgment is not enforceable "until the expiration of ten days after its entry." Thus the first day on which the judgment could be enforced was April 7, 1986, the eleventh day after its entry.

from that date, on April 7, 1998. Because Ms. Fair did not file her motion to revive the judgment until September 10, 1998, the motion should not have been granted. The order from which this appeal is taken is therefore reversed, and the case is remanded with directions to deny Ms. Fair's motion.

*Reversed and remanded.*