*Adams, et al.* vs. *Wilson.*

ADAMS, ET AL. vs. WILSON.

10 341
66a 402

1. A recognizance for an appeal from the judgment of a justice of the peace, is void if not entered into in the time and manner prescribed by law.

2. In a recognizance, or bond, given by several, the names of all the obligors, or none, should be recited in the body of the instrument. If the names of part only be recited, it will be obligatory upon them alone, although signed by others.

## ERROR to Platte Circuit Court.

ALMOND *for Plaintiffs.*

The plaintiffs in error contend and insist that the Circuit Court, on the trial, committed error,

1st. In permitting the recognizances to be read in evidence on account of variance between them, and those set out in the declaration; the latter, as described in the declaration, having no blanks therein—and this objection was well taken under the issue made by the seventh plea.

2d. Under the first instruction given by the Court for defendants below, plaintiffs in error, the Circuit Court ought to have found for defendant Cartwright, for the testimony of justice Burns, plaintiffs' own witness, amply and clearly sustains the hypothesis contained in said first instruction —for the said Circuit Court, in requiring said Cartwright to show affirmatively that he was not present at the new agreement between justice Burns, said Thomas Adams, and plaintiff Wilson, evidently committed error; for when plaintiff Wilson entered into a new contract with defendant Adams, after the signing said bond by Cartwright, it certainly devolved on him to show that said Cartwright assented to said new contract, and the testimony of said justice Burns, and said first instruction, were legitimate and relevant under the issue made on the first plea of *non est factum.* Speak, et al. vs. United States, Feb. term 1815, 9th Cranch's U. S. Reps. 28; Miller vs. Stewart, April term 1820, 4 Wash. C. C. U. S. Reps. 26; S. P. Wooley vs. Constant, 4 Johns. N. Y. Reps. p. 54; Oneale vs. Long, Feb. term, 1807, 4 Cranch's U. S. Reps. 60; Bates vs. Hinton, 4 Mo. Reps. p. 78; Payne vs. Snell, 4 M. R. 238; Snowden vs. McDaniel, 7 M. R. p. 313.

3d. The second instruction ought to have been given for plaintiffs in error, for the law requires the recognizance to be entered into before the justice, and within ten days after the rendition of the judgment—and the law certainly in its spirit never intended securities to be bound in an appeal bond, which did not procure a lawful appeal.

4th. And the third instruction for plaintiffs in error releases Allen, if my position is correct as to Cartwright.

5th. The judgments, offered in evidence, varied materially from those set out in the various counts of the declaration, and ought to have been excluded, under the issue made on the second plea of *nul tiel record,* as to those very judgments. See Stapleton vs. Benson, 8 Mo. Reps. p. 13; Blakey vs. Sanders, 9 M. R. p. 742; Bibbons vs. Nixon, 4 Wendall p. 207.

6th. For the reasons and authorities given, the plaintiffs' instructions ought to have been refused —and,

7th. The finding and judgment of the Court ought to have been set aside and a new trial granted.

REES *for Defendant.*

SCOTT, J., *delivered the opinion of the Court.*

This was an action on three several recognizances, taken on appeals from a justice of the peace to the Circuit Court.

The declaration contained six counts, three counting on the instruments as bonds, and three as recognizances.

The parties went to trial on the pleas of *non est factum, nul tiel record,* as to the judgments appealed from and set out in the plaintiffs' declaration, and *nul tiel record* as to the recognizances of appeal.

The recognizances contained only the name of the appellant, or person appealing, the names of the sureties were omitted in the body of them, they ran thus: "*Know all men by these presents, that we, Thomas Adams and ———, acknowledge ourselves,*" &c. They were signed by the sureties. The justice before whom the causes were tried, testified that the recognizances were originally entered into before him by Adams, the principal, and Willis Cartwright, as surety, on the ninth day after the trial. The plaintiff, the justice, and appellant, agreed that an appeal could not be granted on the recognizance, because Cartwright, the surety, was deemed insufficient. The appellant promised to obtain the signature of Jesse R. Allen, as a surety. The recognisances, in this situation, were left with another justice of the peace to procure the signature of Allen. That was procured, and in two or three days afterwards the recognizances were returned to the justice who tried the cause; he did not know whether they were executed within ten days from the trial or not, but was told that they had been.

From the foregoing statement of facts, the plaintiff, in the Court below, was not entitled to recover. The law requires recognisances to be entered into before the *justice* who *tries* the cause, and within ten days from the day of trial, or from the refusal to set aside a judgment of non-suit. If these requisites are not complied with, it will be a good cause for dismissing the appeal. The justice should see that they are conformed to, otherwise he must know the appeal can avail nothing. After the expiration of the ten days, the officer has no right to take a recognizance; his return is *prima facie* evidence of the facts contained in it, and the law will presume that a justice has done his duty when nothing to the contrary appears, but enough is here shown to repel that presumption, and to throw on the plaintiff the *onus* of proving the proceedings to be regular. The justice certifies to a fact of which he knows nothing. These recognizances are not like official bonds and instruments of that character, concerning which it has been held that though the requisites

of the law, under which they are taken, be not complied with, yet, being voluntary and not against the policy or provisions of any law, they are obligatory. If a recognizance is not taken within the time required by law, the very purpose for which it is entered into may be defeated. Harrington vs. Brown, 7 Pick. 232; Commonwealth vs. Loveridge, 11 Mass. 337; 1 Mo. Reps. 403.

There is another objection to these recognizances on which this suit is brought—the names of all the cognizors are not inserted in the bodies of the instruments. The rule of law appears to be well settled that if there are several obligees, all or none ought to be named in the bond, and if a bond is in these words, "We, A. and B., bind ourselves," &c., be also sealed by C., it is not C.'s bond; so a bond in these words, "I, A. B. am bound to C.," although it be signed by D., is not D.'s bond. 1 Tuck. Com. 275. This principle would seem as applicable to recognizances as to bonds.

The other Judges concurring, the judgment of the Court below will be reversed.

