———o———

WILLIAM SMITH, Respondent, *vs.* THE ST. LOUIS, KANSAS CITY AND NORTHERN, RAILROAD COMPANY, Appellant.

1. *Justices' courts—Default—Appeal—Motion for new trial—Dismissal of judgment for costs.*—An appeal from a justice is properly dismissed, where appellant suffered default before the justice, and filed no motion to set the same aside. A further judgment in such case in the Circuit Court against the appellant and his sureties on the appeal bond for costs is a nullity so far as the surety is concerned ; but not such an error, as to reverse the judgment of dismissal.

*Appeal from Buchanan Court of Common Pleas.*

*Chandler & Sherman,* for Appellant.

ADAMS, Judge, delivered the opinion of the court.

This was an action brought before a justice of the peace, for killing cattle belonging to the plaintiff.

The defendant failed to appear before the justice, and a judgment by default was rendered, and made final, in favor of the plaintiff, and against the defendant.

The defendant afterwards, without moving to set aside the default, took an appeal to the Common Pleas.

In the Common Pleas Court, the defendant filed a motion to dismiss plaintiff's suit upon the alleged ground, that the statement of his case was not sufficient, and that the justice had no jurisdiction.

The plaintiff also filed a motion to dismiss the appeal, and in his motion asked that the judgment might be affirmed.

These motions were heard together, and the defendant's motion to dismiss the suit was overruled, and the plaintiff's motion to dismiss the appeal was sustained.

The court, in sustaining the plaintiff's motion to dismiss the appeal, entered judgment that the appeal be dismissed, and the judgment of the justice be confirmed. There was no new judgment in the Common Pleas of affirmance, but simply a dismissal of the appeal as above, but the Common Pleas, without entering a new judgment of recovery, entered a judgment for costs against the defendant and its surety in the appeal bond.

The motion to dismiss the appeal was properly sustained. No appeal lies from judgment by default in a justice's court, without first moving to set aside the default. As no motion was made in the justice's court to set aside the default, the appeal was improperly allowed. The Common Pleas had no jurisdiction of the case, except to dismiss the appeal. (W. S., 847, § 2; Kinser vs. Shands, 52 Mo., 326.)

The entry of the judgment was substantially a mere entry of dismissal, and must be treated simply as a dismissal of the appeal, so far as these parties are concerned.

The further judgment, against both the defendant and his surety in the appeal bond, for costs, was irregular and erroneous as to the surety. As the justice had no power to grant the appeal, the bond for the appeal was void, and no judgment could be rendered on it. But this judgment for costs,

so far as the surety is concerned, may be treated as a nullity. The surety is not here, and does not complain.

It is not such an error as to reverse the judgment of dismissal of the appeal. .

Judgment affirmed. Judges Vories and Sherwood concur, Judges Napton and Wagner absent.