## MARTIN & SELLERS v. CROCKER.

1. **Appeal from Justice's Court:** TAKEN TOO LATE: HOW DISPOSED OF: JURISDICTION. Appeals from justices' courts must be taken within twenty days after the rendition of judgment. When taken later, there is no appeal in law, and a motion to strike the appeal from the docket would be the proper practice; but where an order is made, upon motion, to dismiss the appeal, the court has no jurisdiction to render judgment upon the appeal bond, or any other judgment, except for costs.

*Appeal from Story Circuit Court.*

SATURDAY, DECEMBER 8.

THE plaintiffs recovered a judgment against the defendant before a justice of the peace. The defendant filed a bond for an appeal, but not until after the lapse of more than twenty days from the rendition of the judgment. The appeal, however, was allowed by the justice, and a transcript was filed in the circuit court. The plaintiffs moved in the circuit court for an order dismissing the appeal, and for judgment on the appeal bond against the defendant and his sureties. The court sustained the motion to dismiss, but refused to render judgment on the appeal bond, and overruled the motion for such judgment. From the order overruling the motion for judgment the plaintiffs appeal.

*Martin, Sellers & Barnes,* for appellants.

*Funson & Gifford,* for appellee.

ADAMS, J.—Three questions are certified, but it will be sufficient for the disposition of this case to determine one of them. The question is in these words: "When an appeal is taken or allowed from a justice of the peace, under section 3580 of the Code, after the lapse of more than twenty days from the rendition of the judgment, and an appeal bond is filed to stay proceedings and to perfect the appeal, is the appellee entitled

to judgment against the principal and sureties on his bond, or either of them, for the judgment in the justice's court, in this court?"

Appeals from a justice of the peace must be taken within twenty days from the rendition of the judgment. Code, § 3576. The alleged appeal in this case, having been taken after the lapse of twenty days, was in effect no appeal. There was, then, really no appeal to dismiss. Strictly, we think[1] that the plaintiffs should have moved to strike the case from the docket, on the ground that no appeal had been taken in the case. But the dismissal of the alleged appeal was equivalent to striking the case from the docket. We do not think that the court had jurisdiction to render any judgment except for costs.

The plaintiffs rely upon section 3580 of the Code, which provides that where the appeal is dismissed judgment shall be rendered on the bond. But we think that the provision has application to a case where there has been an actual appeal. In our opinion the question certified should be answered in the negative, and the judgment

AFFIRMED.