## BROWN v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

**Justice's Court :** JUDGMENT BY DEFAULT : MOTION TO SET ASIDE : APPEAL BOND : SURETIES, JUDGMENT AGAINST. Where an appeal is taken from a judgment by default before a justice, without the party aggrieved having, within ten days from the rendition of the judgment, moved to set the same aside. it is properly dismissed, on motion, in the circuit court. R. S., sec. 3040. The justice, in such case, having no power to grant the appeal, the appeal bond is void, so far as the sureties are concerned, and the circuit court cannot enter judgment against them, but can only dismiss the appeal and enter judgment for costs against the appellant.

*Appeal from Cass Circuit Court.*—HON. N. M. GIVAN, Judge.

AFFIRMED.

*Robert Adams* and *George N. Bowles* for appellant.

(1) The court erred in dismissing the appeal, and rendering judgment against defendant for costs. R. S., sec. 3039. The affidavit for appeal, filed by defendant, contains every requirement of the statute, and was within ten days after judgment. R. S., sec. 3044. The motion to dismiss only urged that no affidavit for appeal had been filed. No reason, not specified in the motion, shall be urged in its support. (2) The complaint states no cause of action. The only averments are that defendant was the owner of a railroad. That the plaintiff was the owner of a fine brood sow of the value of twenty-five dollars. That the sow strayed upon the railroad without fault of the plaintiff, where said railroad was not fenced, and where there was no public crossing. It is not averred that at the point where the hog entered upon the road the defendant was required to erect a fence, or that the killing was occasioned by the failure

to fence.  *Morrow v. M. P. Ry. Co.*, 82 Mo. 169 ; *Cecil v. Railroad*, 65 Mo. 249 ; *Davis v. Railway*, 65 Mo. 44 ; *Johnson v. Railway*, 76 Mo. 453.

·   *Foster P. Wright* for respondent.

The appeal was improperly allowed, as defendant did not move to set the judgment by default aside, as required by Revised Statutes, section 3040.   Even the appeal bond was void.   The only jurisdiction which the circuit court had, was to dismiss the appeal.   *Smith v. Railroad Co.*, 53 Mo. 388 ; *Kinser v. Shands*, 52 Mo. 326 ; *Garnett v. Rogers*, 52 Mo. 145.   The allowance of the appeal by the justice raises no presumption that an application had been previously made to set the judgment by default aside.   *Burns' adm'r v. Hunton*, 24 Mo. 337. The statement is sufficient.   *Belcher v. Railroad Co.*, 75 Mo. 514.

EWING, C.—This was a suit before a justice of the peace · to recover damages of defendant for the alleged killing of a brood sow.   There was judgment by default before the justice, the defendant failing to appear before said court.   There was afterwards an application for an appeal to the circuit court, which was granted, but before which there was no motion or application before the justice to set aside the default.

This is the only question necessary to be noticed as it is decisive of the case.   Revised Statutes, 1879, section 3040, provides that : "But no appeal shall be taken from a judgment by default, or non-suit, unless within ten days after the rendering of such judgment, application shall have been made to the justice by the party aggrieved, to set the same aside, and such application shall have been refused."   In this case no such application was made, and the motion to dismiss the appeal was properly sustained.   But the judgment of the circuit court against the sureties on the appeal bond, was erroneous.   The justice having no power to grant the appeal, the appeal

bond was void, as far as the sureties are concerned, and the circuit court, therefore, could not enter judgment against them. The only valid judgment the circuit court could enter was simply a dismissal of the appeal, with judgment for costs against the defendant, and just so far its judgment is affirmed. *Smith v. Railroad Co.*, 53 Mo. 338, is a case precisely similar to this. *Kinser v. Shands*, 52 Mo. 326; *Garnett v. Rodgers*, 52 Mo. 145; *Laughlin v. January*, 59 Mo. 383. All concur, except Henry, C. J., absent.