JAMES PRATT, APPELLANT, *v.* HENRY C. GILBERT
AND OTHERS, RESPONDENTS.

APPEAL BOND.—ACTION UPON BOND.—ESTOPPEL.—Where an appeal bond is given before a commissioner and an appeal actually taken to the district court, and the district court dismissed the appeal because the bond was filed one day too late, and thereupon the judgment being unpaid suit was brought against respondents as sureties on the bond and judgment given against the appellant; *held* that the respondents were estopped from showing anything contrary to the recitals of the bond, and that the bond having operated to stay the judgment, the suit could be maintained.

APPEAL.—FAILURE TO FILE BOND IN TIME.—*Semble* if an appeal bond is filed too late it operates to stay the judgment under § 3657, 2 Comp. Laws, 1888, which provides: "The appeal shall be taken by filing a notice thereof with the justice [commissioner] and serving a copy," and that an appeal is complete, so far as the justice's court losing jurisdiction is concerned, whether an appeal bond is filed within five days or not, under § 3660, 2 Comp. Laws, 1888.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Messrs. Maloney and Perkins,* for the appellant.

*Messrs. Rhodes and Hudson,* for the respondents.

BLACKBURN, J.:

Plaintiff sued the Jarvis-Conklin Trust Company before a commissioner and obtained judgment. The company gave notice of appeal, and in said appeal defendants gave their bond. It was filed one day too late before the com-

missioner, but the appeal as a matter of fact, was actually taken. The docket fee was paid by appellant, and the case docketed in the district court. In apt time a motion was made to dismiss the appeal because the bond was not filed in the commissioner's court in time, which motion was sustained. The judgment in the commissioner's court not being paid, this suit was brought to recover on the bond in commissioner's court. Judgment for plaintiff, and an appeal was taken to district court. Motion was made for judgment on the pleadings by the plaintiff. The motion was overruled and denied. Trial was had, and plaintiff offered in evidence the bond and all the proceedings in the suit of plaintiff against the Jarvis-Conklin Mortgage & Trust Company; and the court on motion of the defendants, dismissed the case because the evidence was insufficient to support a judgment.

The contention of appellant is that the court erred in dismissing the case and refusing to give judgment for plaintiff. We think this contention is well taken. The defendants cannot deny the validity of the bond, because they are estopped from denying its recitals. The first bond recites that it is given for costs, and the second that it is given to stay the operations of a judgment and the record shows that judgment was stayed by means of the undertaking. It says: "In consideration thereof, and of such stay of proceedings, and of the premises, jointly and severally undertake and promise," etc. Now, it would be an outrage on justice and fair dealing to allow these defendants to plead that they were not liable on these undertakings, because they were filed one day too late, after they have operated to stay the proceedings, as they were intended. When sued upon an undertaking of the nature of these, the obligors are estopped from denying their recitals. *Arnott* v. *Friel,* 50 Ill. 174; *Trimble* v. *State,* 4, Blackf. 435; *Smith* v. *Whitaker,* 11 Ill. 417; *Adams* v. *Thompson* (Neb.), 26 N. W. Rep. 316. We think these

authorities clearly sustain the position that the defendants are estopped from denying that an appeal was taken, when all that could have been gained by an appeal was gained. We think reason and righteousness sustain this view. Judgment is reversed, and cause remanded.

ZANE, C. J., and ANDERSON, J., concurred.