## E. G. ZIMMER, Respondent, v. EDWARD L. MASSIE, Appellant.

**Kansas City Court of Appeals, March 5, 1906.**

1. **JUSTICES' COURTS: Appeals: Reasons of Dismissal: Presumption.** Where several grounds are set out in a motion to dismiss an appeal from a justice court some of which are sufficient and others insufficient in law, it will be presumed that the motion was sustained on the former; and so where out of three reasons assigned two are the same, to-wit, the appeal was not taken in time, and the third wholly insufficient to sustain the motion, the presumption will be that it was sustained because the appeal was not taken in time.

2. ———: ———: ———: **Change of Theory: Estoppel: Surety.** On an appeal from a justice to the circuit court the appellee moved to dismiss the appeal because it was not taken in time. His motion was sustained. *Held*, in an action by the appellee against the appellant's bondsmen that the latter could insist that the appellee was bound by the judgment he had obtained, since he is estopped by his own conduct and by every consideration of justice and good morals.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

REVERSED.

*Chas. B. Adams* and *Chas. M. Bush* for appellant.

(1) The court erred in giving plaintiff's instruction one. This instruction erroneously directs a finding for plaintiff without requiring proof of any breach of the bond sued upon. Birdwhistle v. Woodward, 95 Mo. 113. (2) The error was not cured by the proof offered by plaintiff that the appeal was dismissed, as it was further shown by the evidence that the appeal was dismissed on the ground that it was not taken within the time prescribed by statute and that the circuit court had never acquired jurisdiction to try the cause anew

and the appeal bond was therefore void. The dismissal of the appeal, instead of operating as a breach of the bond, had the effect of exonerating defendant Massie from liability as a surety on said bond. Adams v. Wilson, 10 Mo. 341; Smith v. Railroad, 53 Mo. 338; Garnett v. Rogers, 52 Mo. 145; Hessey v. Heitkamp, 9 Mo. App. 36; Moore v. Damon, 4 Mo. App. 111. (3) The necessary effect of the judgment dismissing the appeal in the Boyer case, was to release the sureties on the appeal bond from liability. Adams v. Wilson, 10 Mo. 341; Smith v. Railroad, 53 Mo. 338; Garnett v. Rogers, 52 Mo. 145; Hessey v. Heitkamp, 9 Mo. App. 36; Moore v. Damon, 4 Mo. App. 111. (4) Plaintiff was estopped from attacking the validity of the judgment of dismissal by the principle that parties litigant cannot assume inconsistent positions in court in the same or kindred proceedings. Benseick v. Cook, 110 Mo. l. c. 182; Territory v. Cooper, 69 Pac. Rep. 813; Shelley v. Patterson, 5 Kulp (Pa.) 153; Perkins v. Jones, 62 Ia. 345.

*Scarritt, Griffith & Jones* for respondent.

(1) Appellant's plea of *res adjudicata* is not well taken. De Laureal v. Kemper, 9 Mo. App. l. c. 82; State v. Morton, 18 Mo. 66; Tutt v. Price, 7 Mo. App. 197; Devore v. Staekler, 49 Mo. App. 547; Corrigan v. Morris, 43 Mo. App. 461; Hoggard v. Railway, 63 Mo. 302; Garrison v. Lyle, 38 Mo. App. 558; Bell v. Hoagland, 15 Mo. 360; Kennedy v. McNichols, 29 Mo. App. 11. (3) Upon the record before him, the trial court could not have rightfully rendered in the case at bar a judgment different from the one entered. Bank v. McGinnis, 9 Mo. App. 578; Belk v. Hamilton, 130 Mo. 300; State v. Searcy, 46 Mo. App. l. c. 430; State v. Kain, 118 Mo. 1; Miller v. Dunn, 62 Mo. 216; Sutton v. Cole, 155 Mo. 206; State to use v. Stinebaker, 90 Mo. App. 280; R. S. 1899, sec. 4064; Devore v. Staeckler, 49 Mo. App. 547.

BROADDUS, P. J.—This is a suit against defendant as the surety of T. H. Boyer on an appeal bond, executed by him and defendant on appeal from a judgment of a justice of the peace in a cause wherein plaintiff herein was plaintiff, and said Boyer was the defendant, who is not made a party to this action because of the fact that he had received his discharge in a bankruptcy proceeding.

. After the said cause was so appealed to this circuit court, the plaintiff moved to dismiss the appeal on these grounds, viz.:

1. Because neither the appellant, nor anyone for him, entered into a proper recognizance before the justice of the peace, before whom the cause was tried, within the time prescribed by law in a sufficient sum for the payment of the judgment of the justice and costs of appeal.

2. Because the said appeal was not made within ten days after the judgment of the justice was rendered in the cause although the defendant is a resident of the county.

3. Because the justice's transcript of the record and papers in this cause were filed in this court and, while pending in this court, the defendant, or some person in his behalf, without the knowledge or consent of plaintiff, or his attorney, or agents, has materially and wrongfully mutilated and changed the judgment record in the office of the justice of the peace before whom it was tried.

On the hearing of the motion, it was shown that the justice's record recited that the judgment was rendered on the 10th day of September and that the appeal was taken on the 23d day of September, and consequently not within the time provided for taking appeals in such cases. But the record of the justice also showed that it had been mutilated so as to make it recite that the judgment had been rendered on the 11th day of September, which, if true, the appeal had been taken in time. The

court sustained the motion and the appeal was dismissed.

It is conceded that, if said appeal was not taken within the time provided by law, the bond is a nullity and the defendant therefore is not bound in this proceeding. [Adams v. Wilson, 10 Mo. 341; Garnet v. Rodgers, 52 Mo. 145; Smith v. Railroad, 53 Mo. 338.] But it is insisted that, as it does not appear that the court sustained the motion to dismiss the appeal for the reason that the same was not taken in time from the judgment of the justice, it cannot be assumed that it was for that particular cause that it was so dismissed, as there are other grounds stated in the motion upon which the court based its action. Without admitting that plaintiff's position in that respect is the law, we think it is apparent that the court had no other reason for sustaining the motion. The first and second grounds alleged in said motion mean practically the same thing, that is, that the appeal was not taken in time. And, as the third ground alleged assigns no special or general cause of dismissing the appeal, it will be presumed that the court entirely disregarded it as a reason for its action. It will be presumed, where there are several grounds set out in a motion for the dismissal of an appeal, which is sustained, some of which are sufficient and others are insufficient in law, that the action was based on the former. We feel safe, therefore, in holding that the appeal was not taken in time.

Plaintiff contends that defendant's counsel have changed their position in the matter. That is to say, that on the motion to dismiss the appeal they insisted that said appeal was taken in time, whereas now they are insisting that it was not taken in time. But we do not think so. They are only insisting that the effect of the said judgment of dismissal as to Boyer, defendant's principal, should be recognized in their behalf and that the plaintiff be bound by a judgment he has obtained. Or, in other words, what was good for the plain-

tiff ought to be good for defendant. "What is sauce for the goose is sauce for the gander."

We believe, however, that inconsistency lies at the door of the plaintiff. He caused the appeal to be dismissed for the reason that the appeal was not taken in time, but is now insisting that it was taken in time and that the bond is valid. He is estopped by his own conduct and by every consideration of justice and good morals. In Reiger v. Faber, 116 Mo. App. 123, a similar case, we decided that the plaintiff was estopped. And the matter is also *res adjudicata* as the defendant stands in the shoes of Boyer, his principal. Reversed. All concur.