Matthias, J.
 

 The single question presented by the record in this case calls for the construction of the provisions of Section 10388, General Code, and particularly that portion thereof which prescribes the procedure to be followed in the event the appellant from a judgment rendered by a justice of the peace fails to deliver the transcript and other papers to the clerk and have the appeal docketed on or before the thirtieth day after the rendition of the judgment appealed from.
 

 This section provides that in such event “the appellee at the term of the court next after the expiration of such thirty days, may file a transcript of the proceedings and judgment, and on his motion the cause shall be docketed. On his application also, the court is required * *
 
 *
 
 to enter a judgment in his favor similar to that entered by the justice,” etc.
 

 Admittedly, the expiration of such 30 days occurred during the January, 1922, term, and the precise question presented is whether the appellee was entitled to have the cause docketed and a judgment entered in its favor during the January term, or not until the succeeding term. This statute authorizes such action “at the term of the court next after the expiration of such thirty
 
 *595
 
 days,” and no authority is conferred for such action at any other time. Had the 30 days expired during a recess of the court of common pleas, prior to the January term, that term would of course be “the term of the court next after the expiration of such thirty days,” but if the 30 days expired during the January term, as is the fact in this case, then the next term of court thereafter would certainly be the term of court subsequent to the January term. Otherwise, if the 30 days expired near the close of the January term, say the day before the term should end, then, although the appellant had been allowed 30 days within which to act, the appellee would have but one day in which to procure such transcript, file the same, have his cause docketed, and procure judgment, and it is a matter of common knowledge that, though the opening date of each term is fixed and certain, the closing date thereof is indefinite and uncertain. Furthermore, that construction would do violence to the usual and ordinary meaning and application of the words employed.
 

 It is contended by counsel for plaintiff in error, however, that the statute should be so construed as to permit action to be taken by the appellee, and by the court upon its motion, and in its behalf, at any time after the expiration of the 30 days and until the close of the next term after the expiration of the 30 days. And there is sound reason in his argument that the right of the appellee ought to begin where the right of the appellant ends — the expiration of the 30 days. But that is an argument addressed to the Legislature and not to the court. If the court were to so con
 
 *596
 
 strue the statute, it would in effect amend it by striking out the word “at” and inserting the words “not later than,” and the statute would then read “the appellee not later than the term of the court next after the expiration of such thirty days.” Indeed, the legislative history of this section would lead to the conclusion that the intention of the Legislature must have been the contrary. This statute, as originally enacted in 1853 (51 O. L., 201; S.
 
 & G., 790),
 
 provided:
 

 “If the appellant shall fail to deliver the transcript, and other papers, if any, to the clerk, and have his appeal docketed as aforesaid, on or before the second day of the term of the. said court next after such appeal, the appellee may, at the same term of said court, file a transcript of the proceedings. * * *”
 

 Subsequently the statute was amended, fixing a definite period of 30 days for such action by the appellant, and instead of leaving in the statute the words “at the same term” and adding thereto the words “or the next term,” which easily and clearly would have expressed the meaning which counsel for plaintiff in error now ask the court to ascribe to the present statute, the Legislature deliberately dropped from the statute the words “at the same term,” and substituted therefor the words “at the term of the court next after the expiration of such thirty days.”
 

 The principle of statutory construction to be here invoked is elementary, and has been applied by this court in numerous reported cases. It is the province of the court to construe and interpret statutes only when the language employed
 
 *597
 
 is ambiguous and tbe meaning and application thereof uncertain. If the provisions of a statute are plain and unequivocal, there is no occasion for construction or interpretation; nor, under such circumstances, is it the province of the court to consider or attempt to determine what the Legislature should have enacted, nor even what it may have intended to enact.
 

 Judgment affirmed.
 

 Marshall, C. J., Robinson, Jones, Day and Allen, JJ., concur.
 

 Wanamaker, J., not participating.