[Civil No. 2279. Filed April 18, 1925.]

[234 Pac. 1078.]

## THEODORE SCHUTZ, WILLIAM SCHUTZ, M. L. NULL and E. BENSCH, Appellants, v. J. E. SWIGERT, Appellee.

1. APPEAL AND ERROR—A SUBSTANTIAL ATTEMPT ON PART OF APPELLANT TO REVERSE JUDGMENT AGAINST HIM NECESSARY TO FULFILL CONDITION OF SUPERSEDEAS BOND—FAILURE TO RENDER JUDGMENT AGAINST SURETIES DOES NOT PREVENT ACTION ON BOND.—Condition of *supersedeas* bond that appellants shall prosecute their appeal with effect is not satisfied by mere taking of an appeal, but requires appellant to make substantial and prevailing attempt to reverse decree or judgment against him, and fact that Supreme Court did not render judgment against appellant and his sureties, as provided by Civil Code of 1913, paragraph 1271, has no effect except to prevent execution being levied against them, and requires suit on bond, but remedies are cumulative.

2. APPEAL AND ERROR—DIFFERENCE IN NAMES HELD TECHNICAL ERROR, CONSTITUTING NO DEFENSE IN SUIT ON SUPERSEDEAS BOND. Where defendants, whose names were "Schutz," were sued under name of "Schultz," and they appeared and defended thereunder, and appealed and gave *supersedeas* bond with knowledge thereof on part of sureties, and appeal was dismissed, all without objection to use of name, *held* that difference in names was a technical error, under Constitution, article 6, section 22, and constituted no defense in action on *supersedeas* bond.

See (1) 4 C. J., pp. 1272, 1297. (2) 4 C. J., p. 1299 (1926 Anno.).

1. See 2 R. C. L. 319.

APPEAL from a judgment of the Superior Court of the County of Yavapai. Richard Lamson, Judge. Affirmed.

Mr. B. E. Marks, for Appellants.

Messrs. Anderson, Gale & Nilsson, for Appellee.

LOCKWOOD, J.—In the year 1920, J. E. Swigert, hereinafter called plaintiff, brought suit in the superior court of Yavapai county against Theodore Schultz and William Schultz. Theodore Schutz and William Schutz appeared and answered to the complaint, and the case was tried to a jury; verdict being rendered in favor of plaintiff and against defendants for $2,000. Judgment was entered and an appeal taken to this court; a *supersedeas* bond being filed. Up to this time apparently all the pleadings had shown the name of the defendants therein as S-c-h-u-l-t-z, but on the *supersedeas* bond they signed by their true name, S-c-h-u-t-z. M. L. Null and E. Bensch, hereinafter called the sureties, signed as sureties on the bond. Exception was made to their sufficiency, and they appeared, justified, and were approved as provided by law. September 23, 1921, the appeal was dismissed on motion of appellee, the plaintiff in this action, but there was no judgment rendered against appellants and their sureties as provided by paragraph 1271, Revised Statutes of Arizona of 1913. In May, 1922, plaintiff filed suit in Yavapai county against the defendant and the sureties upon the *supersedeas* bond given in the aforesaid action. The name of the defendants was properly spelled S-c-h-u-t-z, and the complaint alleged the error in names in the previous action, setting up that defendants had appeared and tried the former case on the merits, and never raised the

question of the alleged defect at any time therein, and that the defendants herein were the same parties as those against whom judgment had been recovered under the name of Schultz. Defendants and sureties appeared and contested the action. The case was tried to the court without a jury, and the plaintiffs offered evidence fully sustaining the allegations of the complaint. Defendants and sureties objected most strongly to the admission of any evidence against them, on the grounds of the defect in the names, and that the condition of the bond had not been violated, but offered no evidence contradicting that of plaintiff. Judgment was rendered in favor of plaintiff and against the defendants and the sureties for $2,449.06. After the usual motion for new trial was made and denied, defendants and sureties appealed to this court.

There are nine assignments of error, but they raise, in one form or another, but two propositions of law: First, that the suit in which the bond was given was on the face of the record wholly against two parties named Schultz, while the present action is against two named Schutz, and as S-c-h-u-l-t-z and S-c-h-u-t-z are not *idem sonans*, the case must fail; second, the condition of the bond was not broken. We will consider the latter point first.

The bond is conditioned that "the appellants shall prosecute their appeal with effect." It would manifestly be unjust to the successful litigant if this condition was satisfied by the mere taking of an appeal so that a *supersedeas* bond would suspend action against the defendant until the appeal was dismissed, perhaps a year later, with no liability to the sureties upon the bond in such case. We think that both reason and authority are with the Supreme Court of the United States when it says in *Crane* v. *Buckley*, 203 U. S. 441, 51 L. Ed. 260, 27 Sup. Ct. Rep. 56,

"What is meant by prosecuting his appeal to effect? It is an expression substantially equivalent to prosecuting his appeal with success; to make substantial and prevailing his attempt to reverse the decree or judgment awarded against him." *Campbell* v. *Harrington,* 93 Mo. App. 315; *Trent* v. *Rhomberg,* 66 Tex. 249, 18 S. W. 510.

The fact that the Supreme Court did not render judgment against defendant and the sureties has no effect, except to prevent a summary execution being levied against them. It compels plaintiff to sue on the bond, but the remedies are cumulative. *Trent* v. *Rhomberg, supra; Cockrill* v. *Owen,* 10 Mo. 287; *Jaffe* v. *Fidelity & Deposit Co.,* 7 Ala. App. 206, 60 South. 966.

This brings us to the last point and the one most strenuously urged. Stated baldly as a proposition of law, it is that a man may be sued under a certain name, may appear and defend thereunder, may appeal and give a *supersedeas* bond with full knowledge on the part of his sureties that he is the identical person sued under that name, and the appeal may be dismissed, all without any objection by him to the use of the name, and when he and his sureties are sued on the bond, with no question as to the actual identity of the parties, under his true name, he and they may, for the first time, suggest that in the original suit one letter was added to his name which caused it to be pronounced in a slightly different manner than the correct way, and thus defeat a recovery on the bond. The trial judge found that "Schultz" and "Schutz" were *idem sonans,* but we do not think it necessary to determine if he did so correctly. If section 22 of article 6 of the Constitution does not apply in a case like this, there is no such thing as technical error.

On the whole record substantial justice was undoubtedly done, and the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.