For these reasons we think the judgment below was right and should be affirmed.

*Judgment affirmed.*

LEVINE, P. J., and SULLIVAN, J., concur.

---

THE W. J. DONNELLY Co. *v.* THE FIDELITY & CASUALTY Co.

*Suretyship—Appeal bond filed but proceedings dismissed for want of jurisdiction—Surety liable to appellee prevented from issuing execution on judgment.*

An appeal bond, conditioned that the appellants "will prosecute their appeal to effect and without unnecessary delay," is not without consideration and void, where an attempt was made to perfect the appeal and thereby the appellee was prevented from issuing execution to collect its judgment, even though on motion of appellee the appeal was dismissed for want of jurisdiction.

(Decided October 16, 1926.)

ERROR: Court of Appeals for Lorain county.

*Mr. G. A. Resek* and *Mr. Meyer Gordon,* for plaintiff in error.

*Messrs. Howell, Roberts & Duncan,* for defendant in error.

WASHBURN, J. The parties stand in this court in the same relative position as in the trial court.

The plaintiff, the W. J. Donnelly Company, brought suit against Abraham Goldberg and others

and recovered a judgment against them in the municipal court of Lorain.

For the purpose of appealing that case to the court of common pleas, the present defendant, the Fidelity & Casualty Company, a corporation authorized to issue and execute bonds in the state of Ohio, executed on the 3d day of August, 1922, a certain appeal bond, which was on that day filed in the municipal court and duly approved. That bond, after reciting the recovery of judgment, and that the defendants therein intended to appeal from said judgment to the court of common pleas of Lorain county, Ohio, further provided that the defendant herein "hereby promises and undertakes in the sum and to the amount of $2,050 that said appellants, if judgment be adjudged against them, or either of them on the appeal, will satisfy such judgment and costs; and also that said appellants will prosecute their appeal to effect and without unnecessary delay."

After said bond was filed and approved, the appeal was perfected by filing in the common pleas court, on August 19, 1922, a transcript from the docket of the municipal court.

Thereafter the plaintiff filed a motion to dismiss the appeal, for the reason that the court of common pleas had no jurisdiction to hear said appeal, which motion was granted, and the appeal dismissed on October 16, 1922.

Plaintiff brought this action against the defendant to recover upon the bond, and the trial court sustained a demurrer to plaintiff's petition, the demurrer being upon the ground that the petition did not state facts sufficient to constitute a cause of action. Plaintiff not desiring to plead further,

judgment was entered against it, and it is now prosecuting this proceeding in error to reverse such judgment.

The petition, in addition to pleading the facts hereinbefore set forth, alleged that by reason of the filing of said undertaking by the defendant the judgment of plaintiff was stayed and plaintiff was prevented from obtaining execution upon its said judgment until after said appeal was dismissed, ''at which time the said'' judgment debtors ''had disposed of all their property upon which execution could be levied; and that thereby plaintiff was prevented from realizing upon its said judgment.''

By the demurrer the defendants admitted the truth of all the facts, well pleaded, and all the proper inferences to be drawn therefrom.

In justification of the ruling of the common pleas court sustaining the demurrer to the petition it is claimed that insomuch as the common pleas court had no jurisdiction to entertain the attempted appeal from the municipal court, the appeal bond was not operative, there being no consideration for the same; that it was a mere nullity and the defendant was not liable thereon.

Counsel agree that there is no provision in our laws authorizing an appeal from the municipal court of Lorain to the common pleas court, and for the purpose of this opinion we assume that such is the case, without deciding that question, because it is not presented in this record.

There are cases which hold that where no appeal can lawfully be taken in a given case, a bond given for no other purpose than the taking of such an appeal is wholly without consideration and there-

fore void; but there are other cases which hold that even where there is no legal right to an appeal the bond given in an attempt to appeal is valid and enforceable. This is on the principle of estoppel, the cases holding that the obligors are estopped to deny their liability, where the bond has subserved one or more of the purposes for which it was given and the appellant has had the benefit thereof.

Many of the cases in these two classes are, of course, affected by the peculiar wording of the statute or the bond, but we prefer the reasoning of the cases which hold that where the condition of the bond is that the appellant will prosecute his appeal to effect and without unnecessary delay, and by the filing of the same the appellant actually obtains a stay of execution, he ought not to be heard, in a suit upon the bond, to say that no appeal was ever taken; especially is that so in a case like our present case, where the defendant, for a price paid, entered into a bond and thereby prevented the plaintiff from collecting its judgment for the reason that the judgment debtors were thereby enabled to dispose of their property and put it beyond the plaintiff's reach. Under such circumstances the defendant ought in equity and good conscience to be estopped from saying that the bond given by it was entirely without force and effect.

In *Adams* v. *Thompson,* 18 Neb., 541, 26 N. W., 316, the appeal was dismissed on the motion of the party for whose benefit it was given, because the bond was not filed in time. In disposing of the case the court said:

"The purpose and object of an appeal in judicial

proceedings is generally two-fold: (1) To enable the losing party to obtain a new trial in a higher court, and thereby possibly escape what he conceives to be an unjust judgment; and (2) to stay the issuance of an execution against him. Hence it cannot generally be said that when the appellant fails to obtain a new trial, he fails in the whole object and purpose of his appeal, as he has usually enjoyed the benefit of the stay of execution.''

The stay of execution actually obtained was regarded as sufficient consideration to support the contract of suretyship, although the attempted appeal was not effectual to give the appellate court jurisdiction.

In a case where no appeal was possible under the law, and on motion of the appellee the attempted appeal was dismissed for that reason, the accommodation surety was held liable on the bond. *Gudtner* v. *Kilpatrick*, 14 Neb., 347, 15 N. W., 708. To the same effect are *Love* v. *Rockwell*, 1 Wis., 382, *Pratt* v. *Gilbert*, 8 Utah, 54, 29 P., 965, and *Meserve* v. *Clark*, 115 Ill., 580, 4 N. E., 770. See, also, *U. S. Fidelity & Guaranty Co.* v. *Ettenheimer*, 70 Neb., 147, 99 N. W., 652.

The principle underlying these and other cases is that, while the law makes no provision for a bond, and therefore there is no statutory bond, there is a common-law obligation, which, if based upon a consideration, is valid and enforceable, and that where a party, by virtue of giving a bond and attempting to perfect an appeal, has secured and enjoyed the delay which he could secure only by the giving of a bond, such is a sufficient consideration for the bond, and he is estopped to deny the fact that he did appeal the case, even although

the appellate court did not have jurisdiction to entertain the appeal and to afford him the relief he sought.

"1. An undertaking for stay of execution on a judgment of a justice of the peace, taken and signed after the period fixed by the statute for entering the same, when based upon a sufficient consideration, is valid as a common law contract, though it may not be available under the statute." *Duckwall* v. *Rogers,* 15 Ohio. St., 544.

See, also, *Swofford Bros. Dry Goods Co.* v. *Livingston,* 16 Colo. App., 257, 65 P., 413.

In the case at bar there are facts alleged in the petition and admitted by the demurrer which we think establish beyond all peradventure a consideration for the bond sued on, and which justify and demand the application of the doctrine of estoppel against the defendant. These facts are that this defendant, by signing this bond for a premium paid it, prevented the plaintiff from obtaining execution upon its judgment until after the appeal was dismissed and the judgment debtors "had disposed of all their property upon which execution could be levied;" and thereby plaintiff was prevented from realizing upon its said judgment.

The defendant engaged to be bound if the judgment debtors failed to "prosecute their appeal to effect and without unnecessary delay." It would manifestly be unjust to plaintiff to hold that this condition was satisfied by an attempted appeal, in which the bond prevented execution against the debtors until the appeal was dismissed, and thereby enabled them to put their property beyond the reach of an execution.

We think that the sound principle of law is stated in the cases which hold that to prosecute to effect means to prosecute with success; to make substantial and prevailing the attempt to obtain a judgment in favor of the appellant. *Crane* v. *Buckley,* 203 U. S., 441,, 27 S. Ct., 56, 51 L. Ed., 260; *Schutz* v. *Swigert* (Ariz.), 234 P., 1078; *Campbell* v. *Harrington,* 93 Mo. App., 315; *Trent* v. *Rhomberg,* 66 Tex., 249, 18 S. W., 510; *Babcock* v. *Carter,* 117 Ala., 575, 23 So., 487, 67 Am. St. Rep., 193.

Many of the cases which relieved sureties of liability were cases of simple suretyship, known as accommodation contracts, where the surety received no compensation, and they were decided when another class of suretyships was little known, that class of surety contracts entered into for a money consideration, and where, not infrequently, in addition to the premium paid, the party procuring the bond is required to secure the surety company against loss in case the penalty of the bond is exacted. It is now generally held that the rule applying to the former class of cases, where a surety is held liable only within the strictly construed terms of his contract, does not apply to a corporate surety, which is engaged in the business of becoming surety for premiums supposed to be based upon the amount of risk. And some decisions are to the effect that such contracts are construed most strongly against the surety.

So far as we have been able to ascertain, the precise question presented by the record in this case has not been determined by the courts of Ohio. For the most part, the Ohio cases were accommodation surety cases, where the strict con-

struction rule applied. The reason for that rule being nonexistent in the present case, we decline to apply it. We know of no good reason why a paid surety should be favored in a court of justice to the extent of construing its undertaking that appellants will "prosecute their appeal to effect" to be of no force and effect if the case is not appealable, when by the filing of such undertaking the appellee was prevented from issuing execution to collect its judgment. The principles hereinbefore indicated we regard as just and reasonable and applicable to the situation presented by the record.

For error in sustaining the demurrer, the judgment is reversed and the cause remanded.

*Judgment reversed and cause remanded.*

PARDEE, P. J., and FUNK, J., concur in judgment.

FUNK, J., concurring in judgment, but dissenting as to the reasons given therefor and to the syllabus.

I concur in the judgment upon grounds different from those set forth in the majority opinion, and dissent thereto for the reasons hereinafter stated.

The question at issue in this case is whether or not the allegations in the petition are sufficient to state a good cause of action as against a general demurrer.

It is conceded by counsel on both sides that there is no provision in the Lorain municipal court act authorizing an appeal from that court, and that hence there is no right of appeal, which is assumed by all the members of this court to be

correct without deciding the question, as it is not presented in this record.

In addition to the facts stated in the majority opinion, it will be observed that the judgment was obtained on July 24, 1925, that the bond was thus filed on the tenth day after the judgment was obtained, and that the transcript was filed in the common pleas court within the 30-day limitation—all as prescribed in the chapter providing for appeals from the justice of the peace to the court of common pleas. It is thus apparent that the judgment debtors must have attempted to follow the statutes providing for an appeal from the justice of the peace to the common pleas court, there being no provision for an appeal from the municipal court of Lorain to any court.

The majority opinion bases its conclusion upon the theory of estoppel and its construction of the meaning of the statutory condition in the bond that "appellants will prosecute their appeal to effect and without unnecessary delay."

While I concur in the judgment, I do so for an entirely different reason, and feel that I should state why I do not agree with the reasons for the conclusion in the majority opinion.

Appeal is a statutory proceeding, and the statute is the sole source of the existence of the right of appeal. The courts of Ohio have repeatedly held that the effectiveness of the procedure in completing and perfecting an appeal depends wholly upon compliance with the requirements of the statute authorizing it, and that such compliance is jurisdictional.

It being admitted that there was no provision for appeal in the instant case from the municipal

court of Lorain to the court of common pleas, and the right of appeal being purely statutory, there was no statute to comply with. The attempted appeal must therefore be conceded to have been unauthorized, and was properly dismissed for want of jurisdiction. It must follow, therefore, that the bond given was not a statutory bond, that no statutory bond could have been given, and that there is therefore no statutory liability on this bond, and if the surety is liable at all it must be upon some other theory or for some other reason.

The authorities outside of Ohio are in direct conflict on the question whether or not a surety is liable upon an appeal bond given for no other purpose, where the appeal is dismissed for want of jurisdiction, either because there was no law authorizing an appeal or because the bond was not filed within the statutory limitation. The line of cases holding the surety liable on such bond is based mostly upon the theory that there has been some stay of execution, no matter how short, and that the appellee has been put to some expense in having such attempted appeal dismissed for want of jurisdiction; that there is thus some consideration for the bond and the obligors are thereby estopped to deny liability; and that it is therefore valid as a common-law obligation. The other line of cases, holding that the surety is not liable, is based largely upon the principle that such an attempted appeal is an absolute nullity, and that such bond is therefore ineffective to stay the issuing of execution; that the judgment creditor could have had execution issued and proceeded to collect his judgment, the same as if no appeal had

been attempted; and that if he does not do so, it is his own voluntary neglect, and that there is therefore no consideration for the appeal bond. *U. S.* v. *Morris' Heirs* (C. C.), 153 F., 240; *Blair* v. *Reading,* 103 Ill., 375; *Mueller* v. *Rice,* 149 Wis., 548, 136 N. W., 146; *City of Ashland* v. *Stewart,* (Ky.), 283 S. W., 1012; *Branch* v. *Richmond Cold Storage,* (Va.), 132 S. E., 848; *Myres* v. *Parker,* 6 Ohio St., 501.

This position is also supported by the following authorities: *Davis* v. *Huth,* 43 Wash., 383, 86 P., 654; *McCarthy* v. *Holden,* 54 Kan., 313, 38 P., 261; *Martin* v. *Croker,* 62 Iowa, 328, 17 N. W., 533; *Zimmer* v. *Massie,* 117 Mo. App., 344, 93 S. W., 859; *Moore* v. *Damon,* 4 Mo. App., 111; *Adams* v. *Wilson,* 10 Mo., 341; *Garnet* v. *Rodgers,* 52 Mo., 145; *Smith* v. *St. Louis, K. C. & N. Rd. Co.,* 53 Mo., 338; *Brown* v. *Missouri Pac. Ry. Co.,* 85 Mo., 123.

Moreover, there being no law authorizing the appeal in the instant case, the clerk of the municipal court was without authority to approve said bond, and the right to have refused to approve it is recognized in *Brenner* v. *State ex rel. Christman,* 83 Ohio St., 485, 94 N. E., 1102.

If plaintiff had gone ahead and issued execution and levied on the judgment debtor's property, the same as if there had been no attempted appeal, as he had a right to do, there would be no liability on the bond, as plaintiff in that event would not have been damaged and the appellant would have received no benefit; so that I believe the mere fact that a bond was given does not in itself create liability on it unless it be shown that there is some consideration or ground for liability other than a short delay to have the appeal dismissed

for such want of jurisdiction. Of course, if the parties ignore or overlook the question of jurisdiction on either of those two grounds and the case goes to trial, or is disposed of on some other ground, that is an entirely different situation, which is not now under consideration, and I can see where, in such situation, there would be some reason for holding that the surety would be estopped to deny liability as upon a common-law obligation.

A dismissal of an appeal for want of jurisdiction to entertain the same because there is no statute authorizing an appeal, or because the appeal bond was not filed within the statutory time, is not equivalent to an affirmance, and in construing the liability of a surety on such bond a distinction must be made between dismissing an appeal for want of jurisdiction for either of such reasons and dismissing it for want of jurisdiction for certain other reasons, or disposing of the case in some other way which would be equivalent to an affirmance.

Where such attempted appeal is dismissed on motion of the appellee for want of jurisdiction because there is no right of appeal or the bond was not filed in time, it is apparent that the appellee knows that there is no lawful appeal, and if he does not issue execution it is his own voluntary neglect. The short delay to have the appeal thus dismissed is not, in my opinion, such benefit to appellant as is within the contemplation of the statutes upon appeal, and is compensated for by interest on the judgment. The only expense the appellee can have when such attempted appeal is so dismissed is the attorney's fee for having

such attempted appeal so dismissed, and such fee is not covered by an appeal bond in this state and cannot be a consideration for such bond.

In *Duckwall* v. *Rogers,* 15 Ohio St., 544, cited in the majority opinion, the court held that a stay bond was valid as a common-law contract. However, it will be observed that that bond was supported by a distinct consideration and was given by special agreement, in consideration that the plaintiff would release a levy upon property and delay the enforcement of his judgment for the time the judgment was entitled to stay of execution—which is an entirely different situation than the one under consideration, there being no claim in the instant case of any voluntary agreement or that anything was done by either party to estop the plaintiff from having the attempted appeal *dis-*missed for want of jurisdiction, or that it was dismissed for any other reason than want of jurisdiction because there was no law authorizing said appeal.

In the case of *Gimperling* v. *Hanes,* 40 Ohio St., 114, the appeal bond was given in time, but both parties failed to file a transcript. Concerning this situation the court in conclusion said:

"The appeal never had any existence, and the parties to the judgment were left to enforce it as if no appeal had ever been attempted."

If when a proper bond was given and no transcript was filed the appeal never had any existence, and the appellee was left to enforce his judgment as if no appeal had been attempted, certainly no appeal would exist, and the appellee would be left to enforce his judgment as if no appeal had been attempted, where there is no right of appeal,

or the bond has not been given in time, as the appellee is delayed at least 30 days where the bond is filed in time, and if not filed in time, or there is no right of appeal, the delay may be less than 30 days.  This position is supported in *Hadfield-Penfield Steel Co.* v. *Oberlander,* 109 Ohio St., 592, 143 N. E., 191, and there is authority permitting the surety to inquire into the validity of the appeal for the purpose of relieving itself from liability on a bond given without statutory authority, where the appellant derives no benefit from the invalid appeal.  4 Corpus Juris, 1270.

It is said that the appellee cannot recover from the surety where the bond has been given in time, and a transcript is not filed, without complying with the requirements of the statute, because it is his own fault and neglect if he does not comply with the requirements of the statute.  My answer to this is that it is also the fault and neglect of the appellee if he does not issue execution without regard to an attempted appeal, where there is no right of appeal or the bond is not filed in time and the case is dismissed on motion of such appellee for want of jurisdiction for one of these two reasons.

I am therefore of the opinion that when the appellee moves to dismiss the appeal because there was no law authorizing an appeal, or the bond was not filed within the statutory time, such appellee is thereby estopped from holding the surety liable on such bond.

As to the meaning of the condition in the bond that appellants "will prosecute their appeal to effect and without unnecessary delay," the authorities outside of Ohio are also in direct conflict.

One line of cases holds that it means more than the mere prosecution of the appeal to a final determination in a regular and orderly way, and that it requires a final determination in favor of the appellant. The other line of cases holds that this condition merely requires a prosecution of the appeal with due diligence, in a regular and orderly way, to a final determination, without regard to whether the final determination is favorable or unfavorable to the appellant.

The majority opinion follows the former construction, while I prefer to follow the latter construction, for the reason that I believe the Legislature so intended it at the time it was added as a condition in an appeal bond, and for the further reason that no matter what the construction of this condition may be in other states it has been so construed by the following decisions in Ohio, as I read and understand them: *Job* v. *Harlan,* 13 Ohio St., 485; *Gimperling* v. *Hanes,* 40 Ohio St., 114; *Shedd & Pembroke* v. *Cooke,* 15 C. C. (N. S.), 365, 23 C. D., 505, which case was affirmed by the Supreme Court in 86 Ohio St., 364, 99 N. E., 1132; *Holland* v. *Lee,* 33 C. D., 520, at page 521, 22 C. C. (N. S.), 209; *Oaks* v. *Campbell,* 3 O. D. (N. P.), 706, 7 N. P., 314.

In the cases of *Shedd & Pembroke* v. *Cooke* and *Holland* v. *Lee,* two of our circuit courts definitely held that the condition, "will prosecute his appeal to effect," has reference merely to the procedure and not to the final determination of the case, and the former of the two was affirmed by the Supreme Court.

As I read the opinion in *Gimperling* v. *Hanes, supra,* it can be construed in no other way than

that this stipulation means only that the case will be prosecuted with due diligence to a final determination. This opinion points out that there are two distinct conditions to the bond, and that it depends upon how the case is disposed of under Section 10388, General Code, as to which condition the surety would be liable on—thus indicating that the two conditions of the bond have separate and distinct meanings. This case is also a substantial holding that where the bond is filed within time the appellee cannot recover on the bond unless he complies with all the requirements of the statute. On page 116 of this case the court said:

"The statute provides for the appellee a full and complete indemnity for his judgment against the appellant in every position in which the case may be placed by the appellant, upon compliance with the provisions above referred to."

It will be observed that the bond being filed in time the appellee was subjected to at least 30 days delay before he could do anything, and even then he could not recover on the bond unless he complied with Section 116 of the act (now Section 10388, General Code). This view is also supported by the case of *Hadfield-Penfield Steel Co.* v. *Oberlander, supra.*

It is thus apparent that if an appellee can recover on a bond given where there is no provision for appeal, as in the instant case, or where the bond was not given within the statutory time, as upon a common-law obligation, just because there was some short delay and expense for attorney fees, and there is no other advantage to the appellant or detriment to the appellee, or the case is disposed of in some other way that would create

liability on the bond, then such appellee is in a much better situation than is an appellee under our Code for appeal from the justice of the peace where the bond is given within the statutory limitation and the transcript is not filed, as such appellee would be entitled to recover on the bond at once, as he would not have to comply with or follow any statutory proceeding, or be subjected to any further delay before being entitled to recover. I do not believe it was the intention of the Legislature to create this situation when it added the condition to the Code, "will prosecute his appeal to effect."

Furthermore, I am inclined to the opinion that the condition required in an appeal bond by Section 10383, General Code, "that appellant will prosecute his appeal to effect," was never intended to apply where the attempted appeal is dismissed for want of jurisdiction because of no provision for appeal or the appeal bond not being filed in time; that such condition in the bond has reference only to the situation of the case under the provisions of the chapter providing for appeal from a justice of the peace court; and that a fair construction of that chapter would indicate that it was the intention of the Legislature that this condition have reference only to the procedure and not to a determination in favor of appellant. The court in the case of *Gimperling* v. *Hanes, supra,* said:

"If there were any doubt that the two prescribed conditions of an undertaking for appeal apply only to the position of the case as it may have been disposed of under Section 116 [now G. C., Section 10388], Section 120 [now G. C., Section 10393], of

the same act, would seem to be conclusive of that view.''

Moreover, there being no provision for appeal in the act creating the municipal court of Lorain, which court is substantially a substitute for the justice of the peace court in that city, and appellants having evidently attempted to follow the provisions for appeal from the justice of the peace court, the meaning in the instant case of the condition in the bond, ''will prosecute their appeal to effect,'' must be considered in the light of the provisions for an appeal from such court.

The sections of the chapter providing for appeal from the justice of the peace should be construed together to get the true meaning of this condition. Under the holding of the court in *Gimperling* v. *Hanes,* the conditions in the bond have reference only to the disposition of the case under Sections 10388, 10389, and 10390, General Code, and the provisions of Section 10393 have no application to a bond where the appeal was dismissed for want of jurisdiction because of no provision for appeal or the appeal bond not being filed in time. If it can be construed that such condition was intended to cover such an attempted appeal, then there would be no occasion for the provisions of Section 10388, 10389, and 10390, General Code.

Again, it is significant that the condition, ''that appellant will prosecute his appeal to effect without unnecessary delay,'' was not made a part of the statute until 1853. Prior to that time, all legislation in regard to the condition of an appeal bond was substantially contained in the second condition of the Code (now Section 10383), which is to satisfy the judgment and costs rendered against

him. If the Legislature had intended the stipulation requiring appellant to prosecute the appeal to effect to mean that he must prosecute it not only to a final determination, but also to a determination in his favor, it seems to me it would have said so, and, instead of amending the section by adding the condition requiring appellant to prosecute to effect, it could easily have eliminated the second condition, because, if it was intended to mean to prosecute to a favorable final determination, that would include substantially all that is contained in the second condition of the section (now Section 10383, General Code), and would make the first condition in the Code comprehensive enough to include any failure to succeed from any cause in any way after any bond had been filed, whether it was given within or after the statutory limitation, and whether or not there was any law authorizing an appeal, and there would be little necessity for the second condition, requiring a judgment and costs against the appellant to be satisfied.

In the case of *Job* v. *Harlan,* 13 Ohio St., 485, it was held that this stipulation, "that the appellant would 'prosecute his appeal to effect, * * *,'" is an independent and indispensable condition of the bond and must be substantially complied with to perfect an appeal. It is thus apparent that if this condition is independent the second condition in Section 10383, General Code, that the appellant will satisfy the judgment and costs, is also an independent and indispensable condition, that the meaning of the two conditions was not intended to be synonymous, and that said case thus seems to support the reasoning that the condition that appellant will prosecute the appeal to effect has refer-

ence only to the procedure and does not require a determination in favor of appellant.

While our Supreme Court has announced that the rule of strict construction, ordinarily applied to individual accommodation sureties, does not apply to a surety who becomes such for compensation, it surely cannot be said that this condition in a bond has one meaning, if there is a private accommodation surety, and has another meaning, if there is a surety for compensation. The condition should have the same meaning no matter who the surety, and it certainly does not come within the purview of strict and liberal construction to give two meanings to the same condition. It would seem that the rule of liberal construction would have reference more especially to the particular wording of the bond if the statute was not strictly followed and to the application of the surrounding facts and circumstances.

I can therefore come to no other conclusion than that the condition of the bond, ''will prosecute their appeal to effect,'' requires only the prosecution of the appeal to a final determination, and does not require a final determination in favor of appellant.

However, in the instant case the petition alleges that the appellee was prevented from issuing execution by reason of the appeal, and that the appellant disposed of his property pending the dismissal of the attempted appeal for want of jurisdiction, which was in fraud of the rights of the appellee. I am therefore inclined to the opinion that the surety in the instant case should be liable to the appellee to the amount of its bond on the old and well-established principle that where one of two innocent parties must suffer by reason of

the fraud of a third party, the one who first trusted such third person, and put it within the power of such third person to commit the wrong or fraud, should bear the loss, and that for this reason the petition in the instant case states a good cause of action and it becomes a matter of proof whether or not the appellee was prevented from issuing his execution and collecting his judgment by reason of the attempted appeal and the fraud of the appellants in disposing of their property during the pendency of the attempted appeal.