Griffith, J.
The single issue presented in this cause is whether under Section 3939.01, Eevised Code, a mutual protective insurance association is permitted to insure detached dwellings and outbuildings situated within a municipality.
The pertinent part of Section 3939.01, Eevised Code, reads:
“* * * Such associations may only insure farm buildings, detached dwellings and outbuildings, schoolhouses, churches, township buildings, grange buildings, farm implements, farm products, livestock, household goods, furniture, pleasure and utility vehicles, motor vehicles, steam, gas, gasoline, and oil engines, motor trucks, tractors, electric motors, electric appliances, lighting systems, and other similar property except property used exclusively for commercial or industrial purposes.
“Such property may be classified only for the purpose of determining and levying assessments, and such property may be located within or without the limits of any municipal corporation. * * *.”
Examination of the words of the statute discloses that the word, “buildings,” is limited by the adjective, “farm,” whereas the words, “detached dwellings and outbuildings,” stand separately and independently. The words, “detached dwellings and outbuildings,” thus are unqualified unless it can be said that the limiting word, “farm,” applies equally to them. However, the word, “farm,” is not connected directly to the words, “detached dwellings and outbuildings,” and those words are placed not in apposition but are in series with the other enumerated items.
When these items are so read, as being in series, there is no ambiguity. Although it is possible, as defendant contends, that the Legislature intended to limit these associations to the insuring of only farm dwellings and outbuildings, the language employed by the Legislature fails to accomplish such limitation. If the Legislature had intended to restrict such associations to the insuring of only farm dwellings and outbuildings, it could have done so easily, e. g., by inserting the adjective, “farm,” before the words, “detached dwellings,” and before the word, “outbuildings.”
It is established that, “if the provisions of a statute *458 are plain and unequivocal, there is no occasion for construction or interpretation” (Hadfield-Pen field Steel Co. v. Oberlander, 109 Ohio St., 592, 597), and, “where the words of a statute are plain, explicit and unequivocal, a court is not warranted in departing from their obvious meaning, although from considerations arising outside of the language of the statute, it may be convinced that the Legislature intended to enact something different from what it did in fact enact” (paragraph one of the syllabus of D. T. Woodbury & Co. v. Berry, 18 Ohio St., 456).
It is our conclusion, that the words, “detached dwellings and outbuildings,” are not limited by the adjective, “farm,” which limits “buildings,” but refer to both detached farm dwellings and outbuildings and detached nonfarm dwellings and outbuildings. Such conclusion is supported by the further language of the statute, added in 1910 (101 Ohio Laws, 294), “such property may be located within or without the limits of any municipality.”
Had this provision been added at a later time when rapid territorial growth of municipalities caused annexation of more and more rural territory, it would be conceivable that the intent of the Legislature was not to permit mutual protective association insurance coverage of nonfarm dwellings but to permit continuance of coverage already provided for farm dwellings, which by events had become part of a municipality. Such, however, is not the case. When this part of the statute was included, municipalities had not indulged in wholesale annexation of surrounding territory.
Thus, it is apparent that when the General Assembly inserted the language, “such property may be located within or without the limits of any municipal corporation,” it was considering ordinary residential property and not only dwellings located on farms.
For the above-stated reasons it follows that under Section 3939.01, Revised Code, a mutual protective insurance association is permitted to insure nonfarm detached dwellings and outbuildings.
*459 The judgment of the Court of Appeals is, therefore, reversed, and that of the Court of Common Pleas affirmed.

Judgment reversed.

Collier, Doyle and Gibson, JJ., concur.
Taft, C. J., Zimmerman and Matthias, JJ., dissent.
Collier, J., of the Fourth Appellate District, sitting by designation in the place and stead of O’Neill, J.
Doyle, J., of the Ninth Appellate District, sitting by designation in the place and stead of Herbert, J.